EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nelson Rivera Marcucci; Jaime V. Sepúlveda Ruiz; Víctor García Muñoz; Carlos Alberto Mejías Cortes, Norbert Cruz Martín, David J. Lebrón<br><br>    Recurridos<br><br><br>        v.<br><br>Suiza Dairy Inc; Compañía de Seguros "A" Inc.<br><br>    Peticionarios | Certiorari<br><br>2016 TSPR 172<br><br>196 DPR \_\_\_\_ |

Número del Caso: CC-2014-586


Fecha: 2 de agosto de 2016


Tribunal de Apelaciones:

    Región Judicial de Ponce, Panel VIII


Abogados de la Parte Peticionaria:

    Lcdo. Julio I. Lugo Muñoz


Abogado de la Parte Recurrida:

    Lcdo. Pedro Hernández Guilbe


Materia: Procedimiento Civil- Efecto interruptor de una moción de reconsideración presentada al amparo de la Regla 47 de Procedimiento Civil, pero notificada fuera del término dispuesto para ello.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nelson Rivera Marcucci; Jaime V. Sepúlveda Ruiz; Víctor García Muñoz; Carlos Alberto Mejías Cortes, Norbert Cruz Martín; David J. Lebrón | Certiorari |
| Recurridos | CC-2014-0586 |
| v. | |
| Suiza Dairy Inc; Compañía de Seguros "A" Inc. | |
| Peticionaria | |

Opinión del Tribunal emitida por el Juez Asociado Señor Rivera García

En San Juan, Puerto Rico, a 2 de agosto de 2016.

El Tribunal de Primera Instancia dictó una Sentencia desestimando la acción que los señores Nelson Rivera Marcucci, Jaime V. Sepúlveda Ruíz, Víctor García Muñoz, Carlos Alberto Mejías Cortés, Norbert Cruz Martín y David J. Lebrón Báez (los recurridos) presentaron en contra de Suiza Dairy Inc. (la peticionaria o Suiza). Los recurridos solicitaron reconsideración del dictamen pero le notificaron la moción de reconsideración a Suiza fuera del término de cumplimiento estricto que

dispone la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V. Por tal incumplimiento, el foro primario declaró no ha lugar la moción. Inconformes, los recurridos apelaron la Sentencia ante el Tribunal de Apelaciones, pero computaron el término para recurrir a partir de la notificación de la Resolución que declaró no ha lugar la moción de reconsideración. La contención de la peticionaria es que el término para apelar no quedó interrumpido y que, por lo tanto, el recurso de apelación de los recurridos se presentó tardíamente.

Dentro de ese marco debemos resolver si procede revocar la Sentencia que emitió el Tribunal de Apelaciones por haberla emitido sin jurisdicción. Al hacerlo, ratificamos la importancia de cumplir con el requisito de notificación que impone la Regla 47 de Procedimiento Civil, supra, y la consecuencia de no hacerlo. Esto lo analizamos en el contexto de la disposición de esa regla que establece que una vez presentada una moción de reconsideración quedarán interrumpidos para todas las partes los términos para recurrir en alzada.

Pasamos a exponer un resumen de los hechos pertinentes para resolver esta controversia y los eventos procesales que sostienen nuestra determinación.

I

En vista de que los errores que atenderemos se circunscriben al asunto procesal reseñado, es innecesario referirnos a todas las discusiones y planteamientos de

derecho que se han suscitado en este caso. Basta señalar que se originó con una reclamación laboral que los recurridos presentaron en julio de 2012 en contra de Suiza.[1] Luego de varios trámites procesales, el 29 de agosto de 2013 el Tribunal de Primera Instancia dispuso de una moción de sentencia sumaria que la peticionaria había presentado y emitió una Sentencia desestimando con perjuicio la acción de los recurridos.[2] La notificación y archivo de ese dictamen se realizó el 3 de septiembre de 2013.[3]

Inconformes con esa determinación, los recurridos presentaron el 17 de septiembre de 2013, es decir, 14 días luego de archivada en autos copia de la notificación de la sentencia, una moción de reconsideración ante el foro primario cuestionando que la reclamación laboral se hubiese resuelto sin la celebración de una vista evidenciaria.[4] En ese escrito la representación legal de los recurridos certificó que le remitió copia a la peticionaria mediante correo certificado y correo electrónico. Sin embargo, ello no ocurrió así. Contrario a lo que dispone la Regla 47, supra, sobre la notificación simultánea de este tipo de moción, los recurridos la notificaron dos días luego de haberla presentado. De esta forma, según surge del expediente, la notificación se efectuó fuera del término de cumplimiento estricto que

---

[1] Véase, Querella. Apéndice de la petición de certiorari, pág. 107.
[2] Véase, Sentencia. Id, pág. 170.
[3] Véase, Notificación de Sentencia. Id., pág. 169.
[4] Véase, Moción en solicitud de reconsideración. Id., pág. 198.

dispone la Regla 47, supra, pues se debía notificar dentro del término de 15 días que señala la regla para presentarla.

Consecuentemente, Suiza presentó el 7 de octubre de 2013 ante el Tribunal de Primera Instancia un escrito informando esa situación procesal.[5] En este solicitó que ante la falta de una justificación adecuada para esa dilación, se desestimara la moción de reconsideración, con la consecuencia de que se entendiera que no había interrumpido el término para apelar. En la alternativa, peticionó un término para replicar a la misma. En respuesta a esa moción, el 8 de octubre de 2013 el Tribunal de Primera Instancia le ordenó a los recurridos mostrar causa en el término de 48 horas por la cual no se debía conceder lo solicitado por Suiza.[6] Esta orden fue notificada el 15 de octubre de 2013.[7]

En cumplimiento con esa orden, los recurridos comparecieron y expusieron su posición al respecto.[8] En el escrito su representación legal enumeró varias razones para justificar la notificación tardía de la moción de reconsideración. En síntesis, adujo que durante la semana en que presentó la moción tuvo mucha carga de trabajo. También alegó que cuando estaba presto a notificarla vía correo certificado se percató de que le faltaba una página

---

[5] Véase, Moción Informativa sobre Reconsideración presentada por la Querellante. Id., pág. 252.
[6] Véase, Orden. Id., pág. 251.
[7] Id., pág. 250.
[8] Véase, Oposición a moción informativa sobre solicitud de reconsideración presentada por la parte querellante, Id., pág. 241.

a la fotocopia. Señaló que ante esa situación optó por esperar al día siguiente para cerciorarse de que había presentado ante el Tribunal la moción completa, para luego notificarla.

El Tribunal de Primera Instancia evaluó los escritos de las partes y dictó una Resolución el 16 de octubre de 2013, notificada el 18 de ese mes, en la que declaró no ha lugar la moción de reconsideración.[9] Como fundamento consignó lo siguiente:

> La Regla 67.2 de Procedimiento Civil permite que se haga la notificación entre abogados –además de por correo– mediante el fax o correo electrónico; i.e., e-mail. La parte querellante [los recurridos] no ha acreditado la imposibilidad de haber utilizado un medio electrónico para lograr la notificación a la parte adversa antes de que venciera el término de presentación establecido en la Regla 47.[10]

Así las cosas, los recurridos acudieron al Tribunal de Apelaciones el 18 de noviembre de 2013 y presentaron un recurso de apelación.[11] En este solicitaron que se revisara la sentencia emitida el 29 de agosto de 2013 que desestimó la reclamación laboral y la Resolución de 16 de octubre de 2013 que declaró no ha lugar la moción de reconsideración por no haberse acreditado justa causa para omitir notificar dentro del término señalado en la Regla 47, supra. En ese contexto se suscitó la controversia jurisdiccional que está ante nuestra consideración.

---

[9] Véase, Resolución y Notificación de archivo en autos de resolución. Id., págs. 235-236.
[10] Id., pág. 236.
[11] Véase, Recurso de Apelación Civil. Id., pág. 102.

Una vez presentado el recurso de apelación, Suiza solicitó que se desestimara por falta de jurisdicción por haberse presentado tardíamente.[12] Razonó que como la moción de reconsideración se notificó fuera del término de cumplimiento estricto sin haberse acreditado justa causa para ello, no tuvo el efecto de interrumpir el término de 30 días para apelar la sentencia. Ante tales planteamientos, el foro apelativo intermedio le ordenó a los recurridos que se expresaran al respecto. Ambas partes reaccionaron mutuamente a sus distintas posturas.

Así las cosas, el Tribunal de Apelaciones emitió sentencia el 31 de marzo de 2014 revocando la sentencia del Tribunal de Primera Instancia. En su dictamen no incluyó mención alguna relacionada al asunto jurisdiccional que estaba en controversia. Posteriormente, el 22 de abril de 2014, Suiza solicitó la reconsideración de ese dictamen reiterando el argumento de que el foro apelativo no tenía jurisdicción para atender el recurso de apelación de los recurridos. El 30 de abril de 2014 el Tribunal de Apelaciones le ordenó nuevamente a estos últimos que expusieran su posición en cuanto a esa cuestión jurisdiccional.[13] Sin embargo, el 11 de junio de 2014 declaró no ha lugar la reconsideración presentada por Suiza.

---

[12] Véase, Solicitud de desestimación por falta de jurisdicción. Apéndice de la petición de *certiorari*, pág. 1024.
[13] Id., pág. 24.

En vista de esos eventos, el 18 de julio de 2014 Suiza acudió ante esta Curia mediante el recurso de *certiorari* de epígrafe señalando la comisión de siete errores. Entre ellos destacamos los siguientes:

> A. Erró el [Tribunal de Apelaciones] al hacer caso omiso y nunca atender, analizar y resolver, como se requiere ante ese tipo de alegación, una alegación jurisdiccional planteada por ambas partes que patentemente privaba a dicho foro de entender (por tardío) en el recurso apelativo presentado.

> B. Erró el TA al no determinar, como procedía, que carecía de jurisdicción para entender en la apelación que se le presentara por la aquí recurrida.[14]

El 12 de diciembre de 2014 expedimos el auto. Consiguientemente, la peticionaria presentó su alegato en abril de 2015 y los recurridos al mes siguiente. En cuanto a la discusión del asunto jurisdiccional que nos atañe, se

---

[14] Petición de *certiorari*, pág. 6. El resto de los errores señalados son los que siguen:

> C. Erró el TA al determinar que a base de las circunstancias y hechos que se entendieran probados en la sentencia sumaria no era posible adjudicar la controversia sobre el carácter de la relación existente entre las partes.

> D. Erró el TA al obviar el craso incumplimiento de la recurrida con las reglas aplicables para replicar adecuada y efectivamente a una sentencia sumaria y recurrir y otorgarle dicho valor a dicho documento y su apéndice para fundamentar su sentencia.

> E. Erró el TA al determinar que la tenencia de una licencia de agente de leche y el mandato reglamentario que regula a dichos entes no era suficiente para concluir que estos no podían ser empleados de la elaboradora de leche aquí compareciente.

> F. Erró el TA al revocar la sentencia del TPI al resolver que una sentencia final y firme en otro caso que dirimiera entre algunas de las partes un asunto que le era común tanto a aquel como al caso de marras no constituía cosa juzgada o impedimento colateral por sentencia para efectos de este caso.

limitaron a referirnos a ciertas mociones que habían presentado ante el Tribunal de Apelaciones en las que discutieron ese asunto.[15]

Contando con el beneficio de la comparecencia de las partes, pasamos a resolver.

II

Como sabemos, la jurisdicción es el poder o la autoridad que tiene un tribunal para decidir casos o controversias.[16] Debido a la gran envergadura de este principio, los entes adjudicativos tienen que ser celosos guardianes de su jurisdicción y no poseen discreción para asumirla en aquellas circunstancias en que no la tienen.[17] De manera que, una vez se cuestiona la jurisdicción del tribunal, este tiene el deber de examinar y evaluar rigurosamente ese señalamiento.[18] Luego de llevar a cabo este examen, si el tribunal concluye que en efecto carece de jurisdicción, lo procedente es la desestimación del caso. Ello, independientemente de las consecuencias que ello conlleve.[19]

La Regla 52.2 (a) de Procedimiento Civil establece que los recursos de apelación al Tribunal de Apelaciones

---

[15] En su alegato, al discutir los errores "A" y "B" presentados por la peticionaria, refirió a este Tribunal a los siguientes documentos, todos presentados ante el Tribunal de Apelaciones: Oposición a moción informativa sobre solicitud de reconsideración presentada por la parte querellante, Oposición a solicitud de reconsideración y Memorando en oposición a solicitud de desestimación de apelación por falta de jurisdicción. Véase, Alegato de los querellantes recurridos y en cumplimiento de orden, pág. 20.

[16] Horizon v.Jta. Revisora, RA Holdings, 191 D.P.R. 228, 233 (2014).

[17] González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009).

[18] Id.

[19] Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 403 (2012). Véase además, Colón y otros v. Frito Lays, 186 DPR 135 (2012).

deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. Empero, el inciso (e)(2) de la precitada disposición aclara que el transcurso del término para apelar se interrumpirá, entre otras instancias, por la oportuna presentación de una moción formulada de acuerdo a la Regla 47, supra, y que el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de la orden "resolviendo definitivamente una moción de reconsideración **sujeto a lo dispuesto en la Regla 47**". (Énfasis nuestro).

Como vemos, uno de los remedios procesales que tiene a su disposición una parte afectada por una sentencia emitida por el Tribunal de Primera Instancia, que a su vez puede tener un efecto en la jurisdicción del Tribunal de Apelaciones para revisar las actuaciones de ese foro, es la moción de reconsideración regulada por la Regla 47, supra. Revisemos lo que dispone al respecto.

A. La moción de reconsideración

El mecanismo procesal de la moción de reconsideración existe en nuestra jurisdicción desde el 1937 cuando se introdujo en el Código de Enjuiciamiento Civil de 1904.[20] Inicialmente, se incorporó para concederle a los tribunales sentenciadores la facultad de relevar a

---

[20] Mediante la Ley Núm. 67 de 8 de mayo de 1937, 32 LPRA ant. sec. 1251. Véase además, Mun. Rincón v. Velázquez Muñiz y otros, 192 DPR 989, 995-996 (2015).

cualquier parte de los efectos de una sentencia que se hubiese dictado por equivocación, inadvertencia, sorpresa o negligencia excusable.[21] Actualmente, la finalidad de la moción de reconsideración continúa siendo esencialmente la misma. Se entiende que busca conferirle la ocasión al Tribunal que dicta una sentencia para que enmiende o corrija los errores en los cuales hubiese incurrido al dictarla.[22] Sin embargo, de la misma manera, hay que tener presente que este mecanismo está regulado de forma tal que evita que se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial.[23]

Actualmente, la Regla 47 de Procedimiento Civil, supra, establece como sigue:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha del archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

---

[21] Mun. Rincón v. Velázquez Muñiz y Otros, supra, pág. 996; Lagares v. E.L.A., 144 DPR 601, 609 (1997).
[22] Id.
[23] Véase, Lagares v. E.L.A., supra, págs. 609-610.

**La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.**

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

**La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.** (Énfasis suplido).

Uno de los cambios más significativos que se incorporó en las Reglas de Procedimiento Civil de 2009 fue el de conferir a la solicitud de reconsideración el efecto de paralizar automáticamente los términos cronológicos para acudir en revisión ante el Tribunal de Apelaciones.[24] Conforme a ello, la mera presentación de una solicitud de reconsideración tiene el efecto de paralizar los términos concedidos por ley para acudir al foro apelativo intermedio con el fin de cuestionar la determinación del foro sentenciador.[25] No obstante, dicho efecto interruptor no opera de manera aislada. Ello ocurrirá "siempre y cuando se cumplan con los requisitos de fondo expuestos en la regla."[26] Precisamente, la propia disposición

---

[24] Las nuevas Reglas de Procedimiento Civil de 2009 fueron aprobadas mediante la Ley Núm. 220-2009 y entraron en vigor a partir del 1 de julio de 2010.

[25] J. A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 2012, Colombia, pág. 292.

[26] Véase el comentario a la Regla 47 de 2009 en el Informe de Reglas de Procedimiento Civil del Comité Asesor Permanente, pág. 554. Disponible

reglamentaria estipula que "[l]a moción de reconsideración que no cumpla con las especificidades de esta regla será declarada 'sin lugar' y se entenderá que no ha interrumpido el término para recurrir". Regla 47, supra.

Unas de esas especificidades es el requisito de notificación. A pesar de las enmiendas sustanciales que sufrió esta regla cuando se aprobaron las Reglas de Procedimiento Civil de 2009, el requerimiento de notificarle a las partes contrarias la solicitud de reconsideración en el término de cumplimiento estricto de quince (15) días permaneció intacto. Es oportuno explorar brevemente la razón de este requisito y las consecuencias de no cumplir con el mismo.

El requisito de notificación contenido en la Regla 47 de Procedimiento Civil, supra, fue producto de una enmienda que se le incorporó a la otrora Regla 47 de Procedimiento Civil de 1979 mediante la Ley Núm. 268-2002. La intención del Legislador al promulgar esa pieza legislativa fue establecer un plazo para que la parte afectada por una sentencia supiera cuándo era que debía notificar la solicitud de reconsideración al resto de las partes en el pleito.[27] Ello, pues la Regla de 1979, tal y como estaba redactada, era silente en cuanto al término en el cual se debía notificar a las partes. Ese asunto había generado confusiones y controversias que luego fueron

---

en: http://www.ramajudicial.pr/sistema/supremo/informe-reglas-procedimiento-civil.pdf.

[27] Exposición de Motivos de la Ley Núm. 268-2002. 2002 (Parte 2) Leyes de Puerto Rico 1301.

atendidas por esta Curia. Ante el vacío legislativo previo a la aprobación de la Ley Núm. 268, supra, interpretamos que el término que tenía una parte para notificar la moción era el mismo que se utilizaba para presentar la moción ante el tribunal y que su carácter era de cumplimiento estricto.[28] Esta interpretación fue acogida por la Asamblea Legislativa en la referida legislación.

Así también, la enmienda descrita tuvo el propósito de que la parte a ser notificada no se viera perjudicada por la notificación tardía de la moción de reconsideración y de esta manera salvaguardar el principio de economía procesal que rige nuestro ordenamiento jurídico. Al respecto, la Asamblea Legislativa consignó en la Exposición de Motivos de la Ley Núm. 268, supra, que:

> El fiel cumplimiento de los términos y la diligencia en las notificaciones, tanto del tribunal como de las partes, envuelven los principios rectores de la economía procesal, en cuanto a una solución justa, rápida y económica del proceso… En muchas ocasiones por error o inadvertencia una parte no es notificada a tiempo. Esto conlleva a que el Juez, una vez notificada correctamente la parte, le brinde más tiempo al afectado para replicar si ese fuera el caso. Obviamente, esto afecta la diligencia y consideración de los casos, afectándose el calendario judicial y la economía procesal.[29]

De conformidad con esto, hemos expresado que este requisito le brinda la oportunidad a las otras partes a expresarse y les alerta sobre la posibilidad de que el

---

[28] Véase, Lagares v. E.L.A., supra.
[29] Leyes de Puerto Rico, supra, pág. 1301.

término jurisdiccional para presentar el recurso de revisión se interrumpa.[30]

B. El término de cumplimiento estricto

En nuestro ordenamiento, reconocemos una variedad de términos cuyo incumplimiento conlleva distintas consecuencias. Podemos encontrar los conceptos de términos discrecionales, términos directivos, términos de estricto cumplimiento y términos fatales o jurisdiccionales.[31] Estos términos tienen el propósito de que la parte actúe en determinado plazo y las consecuencias de no hacerlo difieren.[32] Así por ejemplo, el incumplimiento con un término jurisdiccional impide la revisión judicial por privar de jurisdicción a los tribunales.[33] Por otra parte, el término de cumplimiento estricto se sitúa entre los términos prorrogables y los improrrogables. Estos pueden prorrogarse **siempre y cuando exista una justa causa.**[34] Por ello, no constituye un defecto fatal la notificación tardía de una moción de reconsideración, **si se puede demonstrar la existencia de justa causa.**[35]

Es importante señalar que los tribunales **no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente.**[36] Un perfecto ejemplo de esto es lo que ocurrió en García Ramis v. Serrallés, 171 DPR 250

---

[30] Febles v. Romar, 159 DPR 714, 719 (2003). .
[31] R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, San Juan, Lexis-Nexis, 5ta Ed. 2010, pág. 197.
[32] Id.
[33] Soto Pino v. Uno Radio Group, 189 DPR 84, 92 (2013); Cruz Parrilla v. Depto. Vivienda, supra, pág. 403.
[34] Id.
[35] J.A. Echevarría Vargas, op. cit. pág. 291.
[36] Soto Pino v. Uno Radio Group, supra, pág. 93.

(2007), caso en que intervenimos debido a que el Tribunal de Apelaciones actuó contrario a esta norma. Allí el foro apelativo intermedio acogió un recurso a pesar de reconocer que se había presentado fuera del término de cumplimiento estricto.[37] El tribunal apelado justificó su jurisdicción mediante dos fundamentos. Primero, que el recurso se había presentado pocos días después de haberse vencido el término correspondiente y segundo, que la determinación del foro recurrido perpetuaría una situación improcedente en derecho. Al llegar la controversia ante esta Curia se planteó que el Tribunal de Apelaciones había errado al acoger el recurso sin que los peticionarios hubiesen solicitado una prórroga justificando la tardanza. Resolvimos que si bien se trataba de un término de cumplimiento estricto y no jurisdiccional, **el tribunal no podía considerar el recurso sin que se le hubiesen acreditado las razones para la dilación en su presentación.**[38] Más aun, aclaramos que esa actuación errónea **no se justificaba con el fundamento de que el Tribunal de Primera Instancia hubiese incurrido en un error de derecho.**[39]

Por lo tanto, el foro adjudicativo tiene discreción para extender un término de cumplimiento estricto sólo cuando la parte que lo solicita demuestra justa causa para la tardanza. Al ser así, se le requiere a quien solicita

---

[37] Inicialmente se había presentado el recurso como uno de apelación pero el Tribunal de Apelaciones lo acogió como uno de *certiorari*.
[38] García Ramis v. Serrallés, 171 DPR 250, 254 (2007).
[39] Id.

la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido.[40] De conformidad con esto hemos reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las siguientes condiciones:(1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida.[41]

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo… so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad".[42] De hecho, en Soto Pino v. Uno Radio Group, señalamos que "es un deber acreditar la existencia de justa causa, *incluso antes de que un tribunal se lo requiera*, si no se observa un término de cumplimiento estricto". (Énfasis en el original).[43]

C. El elemento de la justa causa

Recientemente tuvimos la oportunidad de expresarnos respecto al requisito de justa causa en Soto Pino v. Uno Radio Group, supra. En ese caso reiteramos que la justa

---

[40] Soto Pino v. Uno Radio Group, supra, pág. 92.
[41] Id., pág. 93.
[42] Pueblo v. Fragoso Sierra, 109 D.P.R. 536, 539 (1980).
[43] Soto Pino v. Uno Radio Group, supra, pág. 97.

causa se acredita mediante explicaciones "concretas y particulares, debidamente evidenciadas en el escrito, que le permitan a los tribunales concluir que hubo una excusa razonable para la tardanza o la demora".[44] Por otro lado, no constituyen justa causa las "vaguedades y las excusas o planteamientos estereotipados".[45] De lo contrario, la acreditación de la justa causa se convertiría en un juego de "mero automatismo" con justificaciones genéricas carentes de los detalles que causaron la dilación.[46] De permitirse esto, los términos reglamentarios redundarían en "metas amorfas que cualquier parte podría postergar".[47]

Es evidente que la existencia de justa causa es un elemento que ha de evaluarse caso a caso. Al justipreciar las razones ponderadas por una parte, el juzgador debe llevar a cabo un análisis cuidadoso de las explicaciones que demuestren el incumplimiento y de la evidencia que lo sustenta.[48] Pasemos a reseñar algunos casos que ejemplifican lo que puede o no constituir una justa causa.

Por ejemplo, en Rojas v. Axtmayer Ent. Inc.[49], dictaminamos que el estado crítico de salud de la representación legal de una parte —debidamente evidenciado— es uno que muy bien puede constituir justa

---

[44] Soto Pino v. Uno Radio Group, supra, pág. 93; Febles v. Romar, supra, pág. 720.
[45] Id.
[46] Soto Pino v. Uno Radio Group, supra, pág. 94.
[47] Íd.
[48] R. Hernández Colón, op. cit. pág. 201.
[49] 150 D.P.R. 560, 565-566 (2000).

causa. Así también, en <u>Lugo v. Suárez</u>[50], concluimos que el hecho de que la esposa del representante legal estuviera enferma y hospitalizada era justa causa para que no cumpliera con cierta notificación de manera oportuna.

De otra parte, recientemente arribamos a la conclusión de que no constituía justa causa el hecho de que se esperara hasta el último minuto para presentar el recurso que se debía notificar.[51] Entendimos que esas razones eran un ejemplo perfecto de lo que son "meras generalidades y excusas superfluas".[52] En ese caso también se alegó para justificar la existencia de justa causa que la notificación tardía no había causado ningún perjuicio indebido a la parte contraria porque había tenido una notificación en un término razonable. Dijimos que tales explicaciones no eran suficientes para justificar una notificación fuera de término y que mucho menos constituían una justa causa *per se*.[53] Recalcamos que el hecho de que la notificación tardía no le causara perjuicio indebido a la otra parte **no era determinante al momento de examinar la existencia de una justa causa** ya que si los tribunales fueran a aceptar ese planteamiento, los términos de cumplimiento estricto se convertirían en un mero formalismo.[54] En otra ocasión, en <u>Arriaga v. F.S.E.,</u>[55] resolvimos que excusas como que el incumplimiento

---

[50] 165 DPR 729, 740 (2005).
[51] <u>Soto Pino v. Uno Radio Group</u>, supra, pág. 95.
[52] Id.
[53] Id.
[54] Id.
[55] 145 DPR 122, 132 (1998).

fue "involuntario", que "no se debió a falta de interés", que no hubo "menosprecio al proceso", o que "exist[ía] un firme propósito de enmienda", no configuraban justa causa. Tampoco lo es el hecho de que las partes comparezcan por derecho propio ni el descuido extremo al preparar y redactar un recurso.[56]

Luego de exponer el marco de Derecho que precede, pasemos a discutir los errores señalados por la peticionaria.

                              III

La cuestión principalísima que debemos atender en este caso se circunscribe a determinar si el Tribunal de Apelaciones tenía jurisdicción para atender el recurso de apelación que los recurridos presentaron ante ese foro. Como mencionamos, la presentación de una moción de reconsideración ante el foro primario puede tener efectos en los trámites subsiguientes que hayan de ejecutar las partes a nivel apelativo. Dependiendo de cómo y cuándo se haya presentado la moción, podrían configurarse varios escenarios procesales. Por ejemplo, si la moción de reconsideración se presenta oportunamente y conforme a las especificidades de la Regla 47, supra, se activa el efecto interruptor preceptuado en la regla, deteniéndose así el término de 30 días que tiene una parte para recurrir al Tribunal de Apelaciones.

---

[56] Véanse, Febles v. Romar, supra, pág. 722; Pueblo v. Pérez Suárez, 146 DPR 665, 675 (1998).

> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes**. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. Regla 47, <u>supra</u>. (Énfasis nuestro).

De presentarse un recurso de apelación antes de que el Tribunal de Primera Instancia disponga de esa moción, el mismo sería prematuro, por lo que el foro apelativo intermedio carecería de jurisdicción para atenderlo.[57]

Por otro lado, también podría darse el caso en que, aun presentándose a tiempo la moción de reconsideración, esta no tenga el efecto de paralizar los términos. Ello debido a que la moción de reconsideración que no cumpla con las especificidades de esa regla será declarada "sin lugar" y se entenderá que **no ha interrumpido el término para recurrir**. Ante estos escenarios, en caso de que una parte haya acudido al Tribunal de Apelaciones fuera del término de 30 días a partir de la notificación de la sentencia del Tribunal de Primera Instancia que interesa revisar, su recurso resultaría tardío. Como consecuencia, el Tribunal de Apelaciones tendría la obligación de declararse sin jurisdicción, pues sabemos que un recurso

---

[57] Véase <u>S.L.G. Szendrey-Ramos v. F. Castillo</u>, 169 DPR 873 (2007). Allí se resolvió que el Tribunal de Apelaciones había acogido y considerado un recurso de forma prematura ya que al momento en que se presentó, todavía el Tribunal de Primera Instancia no había determinado si tenía jurisdicción para considerar unas solicitudes de determinaciones de hecho adicionales que se habían presentado al amparo de la anterior Regla 43.3 de Procedimiento Civil de 1979. Resolvimos que esa situación impedía que el foro apelativo intermedio considerara el recurso de apelación. Id., pág. 885.

tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado.[58]

En este caso, los recurridos apelaron la Sentencia que el Tribunal de Primera Instancia emitió el 29 de agosto de 2013 **dentro de los 30 días siguientes a la notificación de la Resolución que resolvió la moción de reconsideración**, pues presentaron su recurso el 18 de noviembre de 2013. Como es de conocimiento, la Regla 47, <u>supra</u>, establece que los términos para recurrir en alzada comenzarán a discurrir nuevamente desde que el Tribunal de Primera Instancia resuelva la moción de reconsideración. Sin embargo, la Resolución que el foro primario dictó en este caso declaró no ha lugar la moción de reconsideración porque que **no se presentó conforme a la Regla 47 de Procedimiento Civil, <u>supra</u>**, porque se notificó fuera del término de cumplimiento estricto sin que se acreditara justa causa. Queda claro que la propia Regla 47, <u>supra</u>, preceptúa que la moción de reconsideración que no cumpla con las especificidades que allí se disponen se entenderá que no ha interrumpido el término para apelar.

De manera que, los recurridos acudieron oportunamente de dicha **Resolución** al Tribunal de Apelaciones, mas no así de la **Sentencia** dictada por el Tribunal de Primera Instancia. De haber entendido el foro apelativo intermedio que el Tribunal de Primera Instancia había errado al determinar que no existía justa causa que ameritara

---

[58] <u>S.L.G. Szendrey-Ramos v. F. Castillo</u>, supra, pág. 883; <u>Rodríguez v. Segarra</u>, 150 DPR 649, 654 (2000).

prorrogar el término de cumplimiento estricto para que los recurridos notificaran la moción de reconsideración, procedía que devolviera el caso al foro primario para que atendiera la misma en sus méritos. En ese caso, el término de 30 días para apelar se entendería interrumpido hasta que el foro primario dispusiera finalmente de esa moción, comenzando a discurrir nuevamente desde la notificación de ese dictamen. De lo contrario, de no haber existido justa causa, procedía entonces que el Tribunal de Apelaciones desestimara el recurso que se había presentado ante sí, en lo que respecta a la apelación de la Sentencia emitida el 29 de agosto de 2013 por el Tribunal de Primera Instancia.

Por lo tanto, ante los hechos particulares de este caso, la apelación que eventualmente hubiesen podido presentar los recurridos para revisar la Sentencia del Tribunal de Primera Instancia que desestimó su acción laboral dependía necesariamente de si existió o no justa causa para que notificaran tardíamente su moción de reconsideración. Estas son las consecuencias jurídicas que asume quien presente una moción de reconsideración incumpliendo con el requisito de notificación que dispone la Regla 47, supra, sin tener una justa causa que excuse dicha inobservancia. En el caso que nos ocupa el Tribunal de Apelaciones le solicitó a los recurridos que se expresaran sobre este asunto particular, empero, no lo atendió en el dictamen que posteriormente emitió. De hecho, solo aludió a los planteamientos relacionados con

los errores que presuntamente había cometido el foro primario en su Sentencia desestimatoria, mas no se expresó en torno al asunto de si había actuado correctamente al declarar no ha lugar la moción de reconsideración por defectos procesales. Pasamos a atender esta situación a la luz del expediente del caso.

Es un hecho incontrovertido que los recurridos notificaron su moción de reconsideración fuera del término de cumplimiento estricto que dispone la Regla 47, supra. Como ya discutimos, podríamos concluir que se prorrogó ese término si estos cumplen con la carga de acreditar la justa causa que les impidió notificar oportunamente, pero las razones que acreditan no nos mueven a resolver a su favor. Veamos.

La representación legal de los recurridos alegó que durante la semana del 16 al 20 de septiembre de 2013 tuvo mucha carga de trabajo porque estuvo atendiendo trámites relacionados a otros casos. También explicó que elaboró la moción de reconsideración el 17 de septiembre luego de las 5:00 p.m. y que fue a reproducir el documento en una tienda al día siguiente. Relató que el día 18 trabajó durante la mañana y que en la tarde acudió al correo para enviar los documentos pero que mientras esperaba se percató de que faltaba la página 2 en la fotocopia de la moción. Según manifestó, al advertir esto optó por esperar al día siguiente para llamar a la Secretaría del Tribunal de Primera Instancia para cerciorarse de que el documento

original estuviera completo. Por otro lado, arguyó que ese mismo 18 de septiembre llevó el documento a digitalizar y que le remitieron el mismo a su correo electrónico cerca de las 9:00 p.m. Explicó que en ese momento analizó que como en la certificación de la moción de reconsideración se habían indicado dos métodos alternos de notificación, incluyendo el correo electrónico, decidió notificarla al día siguiente, el 19 de septiembre, a las 10:00 am. Finalmente, nos advierte que a su juicio Suiza no sufrió perjuicio alguno, y que por lo tanto, los planteamientos de la peticionaria son totalmente "frívol[os] y olímpic[os]".[59]

Evidentemente, las razones presentadas para justificar la tardanza en la notificación no se acercan a lo que constituye una justa causa. Como bien resolvió el Tribunal de Primera Instancia, no se acreditó razón alguna para no poder notificar vía correo electrónico, aun cuando en la propia moción de reconsideración se había certificado que así se había hecho. El abogado de los recurridos sostiene que los tribunales "deben tener en mente que existen múltiples alternativas para cumplir con el requisito de notificación" y que en este caso él escogió notificar mediante correo certificado.[60] Su contención es que ello se vio afectado por la ausencia de una de las páginas de la copia del documento y que fue

---

[59] Véase, Oposición a moción informativa sobre solicitud de reconsideración presentada por la parte querellante. Apéndice de la petición de *certiorari*, pág. 245.
[60] Id.

entonces cuando decidió notificar electrónicamente. Estos planteamientos son completamente contrarios a nuestro ordenamiento procesal y al propio expediente del caso.

En primer lugar, si bien las Reglas de Procedimiento Civil disponen varios métodos para que las partes se notifiquen documentos entre sí, ello debe hacerse cumpliendo con los términos que las propias Reglas establecen. No puede ser de otra manera. El propósito de estos medios alternos es facilitar los trámites procesales al proveer varias opciones para poder notificar. Pero **esto no puede utilizarse como fundamento para argüir que ante la imposibilidad de utilizar el método de notificación de preferencia no se pudo cumplir con la notificación si la evidencia demuestra que la parte no ejecutó acciones afirmativas para notificar mediante otro método disponible.**[61] Y eso fue lo que ocurrió en este caso. El propio representante legal de los recurridos sostiene que recibió el documento digitalizado en la noche del 18 de septiembre a su correo electrónico y no explicó razón alguna para que impidiera remitirlo en ese momento. Sin lugar a dudas, las razones aducidas por los recurridos no constituyeron justa causa para notificar la moción de reconsideración a Suiza dos días después del término dispuesto en las Reglas de Procedimiento Civil. Pues tal y

---

[61] Aclaramos que de todas maneras la ausencia de una página en la fotocopia no equivale a una justa causa para no notificar dentro del término de cumplimiento estricto.

como resolvimos en <u>Soto Pino v. Uno Radio Group</u>, supra,
aunque en otro contexto fáctico,

> Los tribunales deben tener en mente que existen
> múltiples alternativas para cumplir con el
> requisito de notificación a las demás partes en
> el término dispuesto. Por ejemplo, en el caso de
> autos el recurrido pudo haber optado por
> presentar su recurso con tiempo suficiente para
> en horas laborales haber enviado por correo
> certificado la notificación. Incluso pudo haber
> notificado el recurso por correo electrónico
> […]. En fin, si la parte optó por esperar hasta
> el último momento, tenía alternativas para
> cumplir con el término de cumplimiento estricto
> o, como mínimo, acreditar la justa causa con
> excusas de peso.

IV

Resolvemos, que cuando una parte no cumple con el
requisito de notificar una moción de reconsideración
dentro del término de cumplimiento estricto que establece
la Regla 47 de Procedimiento Civil, <u>supra</u>, el efecto que
pueda tener dicha moción en cuanto a interrumpir el
término para recurrir en alzada queda supeditado a la
determinación judicial que posteriormente se haga sobre si
hubo o no justa causa que ameritara la tardanza. Solo de
esta manera podrá entenderse que la moción cumplió con
todas las especificidades de la Regla 47, <u>supra</u> y que por
lo tanto interrumpió los términos para recurrir. Estas
son las consecuencias jurídicas a las que se expone una
parte que notifica fuera del término de cumplimiento
estricto sin tener una justa causa que lo exima de dicho
cumplimiento. Si bien ese elemento es uno que debe evaluar
el tribunal caso a caso, en reiteradas ocasiones este

Tribunal se ha pronunciado en torno a lo que constituye o no una justa causa. En atención a los fundamentos que hemos expresado reafirmamos que los litigantes deben procurar acatar rigurosamente los términos reglamentarios a no ser que en efecto haya acontecido una situación que –conforme a nuestros pronunciamientos– justifique una tardanza.

## V

Por los fundamentos antes expuestos, erró el Tribunal de Apelaciones al acoger el recurso de apelación de los recurridos. El recurso se presentó tardíamente, toda vez que la moción de reconsideración presentada ante el Tribunal de Primera Instancia no interrumpió el término para apelar la sentencia emitida el 29 de agosto de 2013. Se revoca la sentencia apelada.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nelson Rivera Marcucci;<br>Jaime V. Sepúlveda Ruiz;<br>Víctor García Muñoz;<br>Carlos Alberto Mejías<br>Cortes, Norbert Cruz<br>Martín; David J. Lebrón | Certiorari |
| Recurridos | CC-2014-0586 |
| v. | |
| Suiza Dairy Inc; Compañía<br>de Seguros "A" Inc. | |
| Peticionaria | |

SENTENCIA

En San Juan, Puerto Rico, a 2 de agosto de 2016.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia dictada por el Tribunal de Apelaciones en el caso de autos.

Así lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan E. Dávila Rivera
Secretario del Tribunal Supremo