Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RICHARD CORA<br><br>Parte Recurrida<br><br>v.<br><br>AMGEN MANUFACTURING LIMITED<br><br>Parte Recurrente | KLRA202400090 | *Revisión de Decisión Administrativa* procedente de la Oficina del Procurador del Veterano<br><br>Núm. Caso OPV: Q1-7-19-12-12-784<br><br>Sobre:<br>Revisión Judicial |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de mayo de 2024.

Comparece Amgen Manufacturing Limited (Amgen) mediante el presente recurso instado el 22 de febrero de 2024. Mediante éste, impugnó una resolución emitida el 18 de diciembre de 2023, y notificada al día siguiente, por la Oficina del Procurador del Veterano.

Examinado el expediente, surge que el recurso fue presentado prematuramente, por lo que este Tribunal carece de jurisdicción para atenderlo.

**I.**

El 29 de junio de 2023, la Oficina del Procurador del Veterano (OPV) emitió una resolución en la que acogió la recomendación del oficial examinador, y determinó que Amgen había incurrido en ciertas violaciones a la Carta de Derechos del Veterano Puertorriqueño del Siglo XXI, Ley Núm. 203 del 14 de diciembre de 2007, 29 LPRA sec. 735 *et seq.*, e impuso las correspondientes multas. El 2 de agosto de 2023, la OPV denegó la solicitud de reconsideración presentada por Amgen.

En desacuerdo con dicha determinación, el 31 de agosto de 2023, Amgen compareció ante este Tribunal de Apelaciones y solicitó la revocación de la aludida resolución en el recurso KLRA202300463. El 23 de octubre de 2023, notificada el 24 de octubre de 2023, este Tribunal emitió una sentencia en la que desestimó el recurso por prematuro, porque el recurrente no notificó su presentación al recurrido, Sr. Richard Cora. El 8 de noviembre de 2023, Amgen solicitó la reconsideración de ese dictamen.

Pendiente de adjudicar la solicitud de reconsideración presentada por Amgen en el recurso KLRA202300463, la OPV emitió una nueva resolución el 18 de diciembre de 2023, y la notificó al día siguiente.

El 8 de enero de 2024, Amgen presentó ante la OPV una solicitud de reconsideración respecto a la resolución del 18 de diciembre de 2023, "en un ejercicio de cautela".

Posteriormente, el 16 de enero de 2024, notificada el 17 de enero de 2024, el Tribunal de Apelaciones emitió una resolución en el recurso KLRA202300463, mediante la cual declaró no ha lugar la solicitud de reconsideración instada el 8 de noviembre de 2023 por Amgen.[1]

El 22 de febrero de 2024, Amgen instó el recurso de epígrafe. Para justificar la jurisdicción de este Tribunal, adujo que transcurrió el plazo dispuesto en la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* sin que la OPV se expresara en torno a su solicitud de reconsideración del 8 de enero de 2024.

**II.**

**A.**

---

[1] El mandato fue remitido el 4 de marzo de 2024.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[2] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[3] Ello en vista de que el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[4]

Constituye norma de derecho reiterada que un recurso prematuro priva de jurisdicción al tribunal al cual se recurre.[5] Su presentación carece de eficacia, por lo que no produce efecto jurídico alguno. Ello así, toda vez que en el momento que fue presentado no había autoridad judicial alguna para acogerlo.[6]

Por lo tanto, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[7] Por esa razón, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[8], nos autoriza a desestimar un recurso a iniciativa propia, cuando carecemos de jurisdicción para atenderlo.

**B.**

La figura del mandato está enmarcada dentro de los procedimientos apelativos.[9] La misma ha sido definida por nuestro Tribunal Supremo como "el medio que posee un tribunal en alzada

---

[2] *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).
[3] *Ruiz Camilo v. Trafon Group, Inc.*, supra.
[4] *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016).
[5] *Yumac Home v. Empresas Masso,* 194 DPR 96, 107 (2016).
[6] *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 863, 883 (2007).
[7] *Rivera Marcucci v. Suiza Dairy Inc., supra.*
[8] 4 LPRA Ap. XXII-B, R. 83 (C).
[9] *Colón y otros v. Frito Lay*, 186 DPR 135, 151 (2012).

de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar de conformidad con la misma".[10]

"El concepto del mandato cobra especial relevancia en lo concerniente a los efectos de índole jurisdiccional que pueda tener su remisión al foro de origen".[11] El tribunal *a quo* o la agencia "[…]no adquiere jurisdicción nuevamente para poder continuar con los procedimientos y ejecutar los dictámenes de la sentencia en alzada, hasta tanto reciba el mandato del tribunal revisor".[12] Es a partir del momento en que se remite el mandato que el tribunal o la agencia correspondiente readquiere jurisdicción sobre el caso, para actuar de conformidad a lo resuelto por el foro revisor.[13] Una vez se remite el mandato, el recurso ante la consideración del foro apelativo concluye para todos los fines legales y éste pierde jurisdicción sobre el asunto.[14] En ese sentido, "es en virtud del mandato que le es devuelta la autoridad [al foro revisado] para actuar según lo dispuesto por el tribunal de mayor jerarquía".[15] Como consecuencia, toda actuación del foro revisado previo a recibir el mandato será nula.[16]

## III.

Del trámite procesal esbozado, surge que, el 23 de octubre de 2024, este Tribunal dictó sentencia desestimando el recurso KLRA202300463, por no haberse notificado su presentación a la parte allí recurrida. Luego, mediante resolución emitida el 16 de enero de 2024, y notificada el 17 de enero de 2024, denegó la solicitud de reconsideración instada por Amgen. El mandato se remitió el 4 de marzo de 2024.

---

[10] *Íd.*; *Mejías Montalvo v. Carrasquillo Martínez,* 185 DPR 288 (2012).
[11] *Colón y otros v. Frito Lay,* supra, pág. 153.
[12] *Íd.,* pág. 154.
[13] *Íd.,* pág. 153.
[14] *Íd.*
[15] *Íd.*
[16] *Íd.*

No obstante, sin haberse adjudicado la moción de reconsideración del caso KLRA 202300463 y, por tanto, sin haber recibido el mandato de este Tribunal, la OPV emitió una nueva resolución. A tenor con las normas jurídicas mencionadas, esa actuación de la OPV es nula y no surte efecto jurídico. La OPV estaba obligada a esperar por la adjudicación de la moción de reconsideración y la expedición y notificación del mandato del caso KLRA202300463 para nuevamente adquirir jurisdicción sobre el asunto y emitir el correspondiente dictamen.

Ante estas circunstancias, concluimos que carecemos de jurisdicción para atender el recurso presentado, por prematuro.

**IV.**

Por los fundamentos expuestos, se desestima el recurso de epígrafe por falta de jurisdicción, al ser prematuro. Se ordena el desglose de las copias del apéndice del recurso.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones