ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>Recurrido | KLRX202400012 | *MANDAMUS*<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>B-641-24<br><br>Sobre:<br>Solicitud de remedio administrativo |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de julio de 2024.

Comparece ante nosotros el Sr. Eliezer Santana Báez (Sr. Santana Báez o peticionario), mediante el recurso de epígrafe intitulado *Petición de Mandamus.* Solicita que ordenemos al Departamento de Corrección y Rehabilitación (DCR) atender su *Solicitud de Remedio Administrativo* (Núm. B-641-24) relacionada a su elegibilidad para participar en el *Programa de Pre-Reinserción a la Libre Comunidad.*

Adelantamos que, conforme a los fundamentos que expondremos, procede la desestimación del recurso de epígrafe.

## I.

En su recurso, el Sr. Santana Báez expuso que cumple una sentencia de 119 años de reclusión por infringir el Artículo 83 del Código Penal de 1974 y el Artículo 5.04 de la Ley de Armas. Detalló que, luego de veinte (20) años de ajuste institucional y restando menos de cinco (5) años para cumplir el mínimo de su sentencia el 22 de abril de 2029, cualifica para participar en el *Programa de Pre-Reinserción a la Libre Comunidad.* A esos efectos, instó la *Solicitud*

*de Remedio Administrativo* (Núm. B-641-24) ante el DCR el 26 de abril de 2024.

Ante la presunta inacción de la agencia sobre el particular, el Sr. Santana Báez acude ante esta Curia mediante el recurso de epígrafe. En respuesta, emitimos una *Resolución* el 27 de junio de 2024 en la cual concedimos al peticionario un término para juramentar su petición de *mandamus*, tal cual lo exige la Regla 54 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 54, so pena de desestimar su recurso, según presentado.

Ha transcurrido mayor término al concedido sin que el peticionario dé cumplimiento a nuestro requerimiento, por lo que, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

## II.

### A. Recurso de *Mandamus*

El Código de Enjuiciamiento Civil establece el *mandamus* como un recurso extraordinario "altamente privilegiado" y discrecional dirigido a una persona natural o jurídica, con el propósito de exigirle judicialmente el cumplimiento de un mandato específico en función del cargo que ocupa. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; *Kilómetro O v. Pesquera López et al.,* 207 DPR 200, 214 (2021). En otras palabras, este recurso solo procede para exigir el cumplimiento de un deber impuesto por ley, es decir, un deber calificado como "ministerial" el cual no admite discreción en su ejecución, sino que es mandatorio e imperativo. *Íd.,* citando a *Romero, Valentín v. Cruz, CEE et al.,* 205 DPR 972 (2020).

Cabe enfatizar que, por su naturaleza extraordinaria, la expedición del *mandamus* debe utilizarse cuando no hay otro

remedio ordinario dentro del curso de la ley para hacer cumplir el deber ministerial. El requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado, el impacto del recurso en el interés público envuelto, sopesado con la posible intromisión indebida en las gestiones gubernamentales y su efecto sobre los derechos de terceros. *Kilómetro O v. Pesquera López et al.,* supra, a la pág. 215.

Los requisitos de contenido de una petición de *mandamus* surgen de la Regla 54 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 54. Dicha regla establece, además, que su aplicabilidad se regirá por las Reglas de Procedimiento Civil y por las leyes especiales pertinentes. Particularmente, la Regla 54 de las Reglas de Procedimiento Civil, *supra*, exige como requisito de forma que, la parte promovente del auto de *mandamus* presente la petición juramentada. Cabe resaltar que, el hecho de que el promovente de un recurso de *mandamus* comparezca por derecho propio no constituye justa causa para eximirlo de cumplir con las disposiciones reglamentarias establecidas para su presentación y forma. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 173 (2016).

### III.

Tal cual expusimos en el tracto procesal, el peticionario implora que ordenemos al DCR a entender sobre su *Solicitud de Remedio Administrativo* (Núm. B-641-24) mediante una petición de *mandamus* que carece del juramento requerido por nuestro ordenamiento jurídico. Cabe precisar que, por tratarse de un recurso altamente privilegiado, es necesario que la parte promovente satisfaga estrictamente todos los requisitos para su adecuada presentación y perfeccionamiento. A esos efectos, le concedimos un término al Sr. Santana Báez para subsanar el referido incumplimiento, so pena de desestimar su recurso. Transcurrido

mayor término al otorgado sin que el peticionario haya acreditado cumplimiento, nos vemos en la obligación de desestimar su recurso.

**IV.**

Por los fundamentos antes expuestos, ordenamos la desestimación de la *Petición de Mandamus.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones