Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>HÉCTOR CORREA GREEN<br><br>Peticionario | KLCE202400930 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso núm.:<br>G VI1999G0051<br><br>Sobre:<br>A83/ Asesinato en Primer Grado Clásico |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Juez Figueroa Cabán**, **Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de septiembre de 2024.

Comparece el señor Héctor Correa Green, *pro se*, en adelante el señor Correa o el peticionario, y solicita que revoquemos la *Resolución* emitida el 15 de julio de 2024 y notificada el día 16 del mismo mes y año, por el Tribunal de Primera Instancia, Sala de Guayama, en adelante TPI. Mediante la misma, el TPI declaró no ha lugar a una "moción", que no consta en el expediente.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente despacho…".[1] En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Por los fundamentos que expondremos a continuación, se desestima el recurso de *Certiorari* por falta de jurisdicción, por tardío.

**-I-**

El 15 de julio de 2024, notificada el **16 de julio de 2024**, el TPI emitió una *Resolución* en la que declaró no ha lugar la solicitud del señor Correa.[2]

Inconforme con la determinación del foro inferior, el peticionario acude ante este tribunal intermedio mediante una *Apelación a Notificación* redactada el **20 de agosto de 2024**.[3]

Luego de examinar el escrito del señor Correa y los documentos que lo acompañan, estamos en posición de resolver.

**-II-**

**A.**

La Regla 52.2(b) de Procedimiento Civil dispone, en lo aquí pertinente, que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.[4]

---

[2] Apéndice del peticionario. Como anticipamos previamente, la "moción" del peticionario no forma parte de los documentos anejados al expediente.

[3] *Id*.

[4] Regla 52.2(b) de Procedimiento Civil de 2009 (32 LPRA Ap. V).

**B.**

Contrario al término de naturaleza jurisdiccional, que le confiere autoridad a un foro adjudicativo para resolver una controversia y su inobservancia no admite justa causa, el término de cumplimiento estricto es prorrogable, por lo que puede acortarse o extenderse.[5]

Sin embargo, la extensión de un término de cumplimiento estricto no es automática.[6] Ello procede por excepción, solo cuando la parte que lo solicita demuestra justa causa para la tardanza.[7] En otras palabras, solo procede prorrogar un término de cumplimiento estricto cuando: (1) en efecto exista justa causa para la dilación; y (2) la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, acreditando adecuadamente la justa causa aludida.[8]

Así pues, el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha resuelto consecuentemente que, "la justa causa se acredita mediante explicaciones concretas y particulares, debidamente evidenciadas en el escrito, que le permitan a los tribunales concluir que hubo una excusa razonable para la tardanza o la demora".[9] "[N]o constituyen justa causa las 'vaguedades y las excusas o planteamientos estereotipados'".[10] Así pues, "[a]l justipreciar las razones ponderadas por una parte, el juzgador debe llevar a cabo un análisis cuidadoso de las explicaciones que demuestren el incumplimiento y de la

---

[5] *Toro Rivera et als. v. ELA et al.,* 194 DPR 393 (2015).
[6] *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013).
[7] *García Ramis v. Serrallés,* 171 DPR 250 (2007). Véase, además, *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 171 (2016).
[8] *Rivera Marcucci v. Suiza Dairy, supra,* pág. 171; *Soto Pino v. Uno Radio Group, supra,* pág. 93; *García Ramis v. Serrallés, supra.*
[9] *Rivera Marcucci v. Suiza Dairy, supra,* págs. 171-172.
[10] *Id.,* pág. 172.

evidencia que lo sustentan".[11] No valen "justificaciones genéricas" carentes de detalles.[12]

Además, de conformidad con lo anterior, el TSPR apercibió a los abogados y las abogadas de Puerto Rico sobre la importancia de observar los términos de cumplimiento estricto, mediante el siguiente recordatorio:

> [S]e le recuerda a la clase togada que es un deber acreditar la existencia de justa causa, *incluso antes de que un tribunal se lo requiera*, si no se observa un término de cumplimiento estricto. En el caso específico del derecho procesal apelativo, este incumplimiento impide la revisión judicial ya que ocasiona que no se perfeccionen sus recursos apelativos.[13]

Finalmente, "[l]os términos de cumplimiento estricto no son meros formalismos, y si no se cumple con los requisitos para acreditar la existencia de una justa causa, los tribunales carecen de discreción para prorrogar los términos… este incumplimiento impide la revisión judicial".[14]

### C.

Por otro lado, en materia de jurisdicción, el TSPR ha afirmado categóricamente que no tenemos discreción para asumir jurisdicción donde no la hay.[15] La falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogarse la jurisdicción que no tiene.[16] Aun cuando las partes no lo planteen, un tribunal viene obligado a velar su jurisdicción.[17] Así, el tribunal que carece de autoridad para atender un recurso sólo tiene

---

[11] *Id.*
[12] *Id.*
[13] *Soto Pino v. Uno Radio Group, supra,* pág. 97. (Énfasis en el original y suplido).
[14] *Id.*
[15] *Ponce Fed. Bank v. Chubb Life Ins. Co.,* 155 DPR 309, 331 (2001); *Gobernador de PR v. Alcalde de Juncos*, 121 DPR 522, 530 (1988).
[16] *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980).
[17] *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, SE,* 153 DPR 357, 362 (2001).

facultad para así declararlo y, en consecuencia, desestimarlo.[18]

**D.**

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones dispone:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> …
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[19]

**-III-**

Surge del expediente que el TPI emitió una *Resolución* el 15 de julio de 2024, notificada el **16 de julio de 2024.**

Conforme la normativa previamente expuesta, el peticionario disponía hasta el **15 de agosto de 2024** para presentar su recurso de *certiorari*. Sin embargo, el señor Correa redactó el escrito impugnatorio el **20 de agosto de 2024**, es decir, 5 días de expirado el término de cumplimiento estricto para presentar el recurso de *certiorari* ante este tribunal intermedio. No obstante, el peticionario no expuso la justa causa para la tardanza. En consecuencia, el recurso es tardío y carecemos de jurisdicción para atenderlo.

---

[18] *Lozada Sánchez v. JCA*, 184 DPR 898, 909 (2012); *Caratini v. Collazo*, 158 DPR 345, 355 (2003); *Vega Rodríguez v. Telefónica*, 156 DPR 584, 595 (2002); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).
[19] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

## -IV-

Por los fundamentos previamente expuestos, se desestima el recurso de *Certiorari* por falta de jurisdicción, por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones