ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| EL PUEBLO DE PUERTO RICO<br>Parte Peticionaria<br><br>v.<br><br>DAVID ANDINO VÁZQUEZ<br>Parte Recurrida | KLCE202301266 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Criminal Núm.:<br>D LA2023G0043<br>D LA2023G0044<br>D LA2023G0045<br>D SC2023G0033<br>D SC2023G0034<br><br>Sobre:<br>INFR. ART. 6.02 LEY 168; INFR. ART. 6.09 LEY 168; INFR. ART. 6.12D LEY 168; INFR. ART. 401 LEY 4 (2 CASOS) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

Comparece El Pueblo de Puerto Rico, representado por la Oficina del Procurador General mediante recurso de *certiorari* instado el 13 de noviembre de 2023. Solicita que revisemos la *Resolución* emitida el 11 de septiembre de 2023, y notificada el 13 de octubre de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Bayamón. Mediante el referido dictamen, el TPI desestimó los casos de epígrafe por violación a los términos para la celebración de un juicio rápido, de conformidad con la Regla 64(n)(4) de Procedimiento Criminal[1].

---
[1] 34 LPRA Ap. II, R. 64(n)(4).

Evaluado el escrito y su apéndice, desestimamos el recurso de *certiorari* por falta de jurisdicción. Veamos.

I.

El 29 de agosto de 2022, el Ministerio Público presentó dos denuncias en contra del señor David Andino Vázquez[2]. El 12 de enero de 2023, se presentaron otras tres denuncias en su contra, por los mismos cargos presentados en igual fecha en contra de los señores Jonathan Andino Vázquez y Roberto Antonio Medina Pagán.[3] El 31 de enero de 2023, se determinó causa para arresto contra todos los imputados por todos los delitos.[4] Los imputados prestaron la fianza impuesta y quedaron bajo supervisión electrónica.

El 21 de marzo de 2023, se determinó causa para acusar contra todos los imputados por los delitos mencionados. Así, el 24 de marzo de 2023, se presentaron las acusaciones.[5] El acto de lectura de acusación se llevó a cabo el 17 de abril de 2023. La vista para el juicio en su fondo fue señalada para el 15 de mayo de 2023.[6] Ese día, en su lugar se celebró una vista sobre el estado de los procedimientos y el TPI señaló el juicio para el 31 de mayo de 2023.[7]

Surge de la minuta de la vista pautada para comenzar el juicio que, luego de conversaciones en el estrado, el TPI informó que el asunto sería reseñalado. A preguntas del tribunal, la Defensa manifestó que la nueva fecha había sido escogida por las partes, pero que el Ministerio Público no se encontraba preparado ese día. Además, hizo constar que no renunciaba a los términos de juicio

---

[2] Infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico. Apéndice del recurso, págs. 1-6.
[3] Infracción a los Arts. 6.02, 6.09 y 6.12 de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019. Apéndice del recurso, págs. 7-22.
[4] *Íd.,* págs. 23-32.
[5] *Íd.,* págs. 37-48.
[6] *Íd.,* págs. 33-36.
[7] *Íd.,* págs. 59-62.

rápido. El juicio en su fondo quedó pautado para el 18 de julio de 2023.[8]

En esa vista del 18 de julio de 2023, el Ministerio Público manifestó que no se encontraba preparado porque varios de sus testigos no se encontraban presentes en sala. El tribunal reconoció que los términos vencían el 24 de julio de 2023, pero expresó que, en esa semana, el Poder Judicial tenía programados cierres parciales y totales, por lo que los términos podían extenderse. Tras conversaciones en el estrado, el TPI señaló que el próximo señalamiento sería el último día de los términos extendidos y pautó el juicio para el 2 de agosto de 2023.[9]

El 2 de agosto de 2023, comparecieron tres de los nueve testigos del Ministerio Público. Según surge de la minuta, la Defensa expresó que entre los testigos de cargo ausentes se encontraba el agente confidente participante, el cual tenía que estar presente en sala para poder iniciar el juicio. Por su parte, el Ministerio Público manifestó que se encontraba preparado para el juicio y que comenzaría con la prueba que estaba presente. Entonces, la Defensa expresó que ese era el último día de los términos extendidos y, ante el hecho de que no se encontraban presentes en sala todos los testigos de cargo, solicitó la desestimación de las acusaciones. El tribunal indicó que se tendría que celebrar una vista evidenciaria en cuanto a los términos de juicio rápido y sugirió que se podía señalar otra fecha para que los testigos estuvieran presentes y comenzar con los procedimientos. Así, el acto del juicio quedó señalado para el 11 de septiembre de 2023.[10]

Llegado el día, solamente comparecieron tres de los nueve testigos de cargo. El testigo confidente participante no compareció.

---

[8] *Íd.,* págs. 63-64.
[9] *Íd.,* págs. 63-66.
[10] *Íd.,* págs. 67-71.

El Ministerio Público solicitó que se comenzara el juicio con los testigos que estaban disponibles en sala. La Defensa insistió en que todos los testigos de cargo tenían que estar presentes en sala para poder comenzar el juicio, en particular, ese testigo ausente. El TPI decidió celebrar la vista evidenciaria estatuida en la Regla 64(n) de Procedimiento Criminal[11]. En dicho proceso, el Ministerio Público solicitó que se eliminara de la acusación al testigo ausente y que se procediera con la celebración del juicio. La Defensa reiteró su solicitud de desestimación al amparo de la Regla 64(n)(4) de Procedimiento Criminal, *supra.* Escuchados los argumentos de las partes, el TPI desestimó las acusaciones por violación a los términos de juicio rápido establecidos en la mencionada regla y ordenó la remoción de la supervisión electrónica a todos los acusados. La *Minuta Resolución* que recoge lo acontecido en la vista del 11 de septiembre de 2023 contiene la firma del juez que presidió el procedimiento.[12]

El 19 de septiembre de 2023, el Ministerio Público presentó una *Moción Solicitando Reconsideración* de la determinación de desestimar las acusaciones. Mediante orden notificada el 28 de septiembre de 2023, el TPI concedió un breve término a la Defensa para expresarse en cuanto a la reconsideración solicitada.[13] La Defensa instó su *Moción en Oposición a Reconsideración* el 2 de octubre de 2023.

El 3 de octubre de 2023, notificada el 13 de octubre de 2023, el TPI dictó una *Resolución* mediante la cual declaró *no ha lugar* la *Moción en Oposición a Reconsideración* y expresó "Véase Minuta Resolución del 11 de septiembre de 2023".[14] Sin embargo, el TPI

---

[11] 34 LPRA Ap. II, R. 64(n).
[12] Apéndice del recurso, págs. 72-83.
[13] *Íd.,* págs. 129-131.
[14] *Íd.,* pág. 148.

nada dispuso en cuanto a la *Moción Solicitando Reconsideración* presentada por el Ministerio Público.

A su vez, el mismo 13 de octubre de 2023, el TPI notificó la *Resolución* emitida el 11 de septiembre de 2023, mediante la cual "[p]or los fundamentos expuestos en corte abierta" desestimó las acusaciones al amparo de la Regla 64(n)(4) de Procedimiento Criminal.[15]

Inconforme con el dictamen emitido el 11 de septiembre de 2023, y notificado el 13 de octubre de 2023, el Pueblo de Puerto Rico compareció ante este Tribunal de Apelaciones mediante el presente recurso de *certiorari* y apuntó el siguiente señalamiento de error:

> El Tribunal de Primera Instancia erró al dejar de fundamentar por escrito los fundamentos de su decisión de desestimar las acusaciones contra los recurridos, al amparo de la Regla 64(n) de las de Procedimiento Criminal, contraviniendo la instrucción de dicha regla y privando a las partes de comprender exactamente las bases para su determinación.

## II.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[16] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[17] Ello en vista de que el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[18]

---

[15] *Íd.,* pág. 86.
[16] *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).
[17] *Ruiz Camilo v. Trafon Group, Inc.,* supra.
[18] *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016).

Así, si un recurso de revisión o apelación se presenta mientras el foro apelado tiene ante su consideración una determinación que se encuentra pendiente y no ha sido resuelta, el foro apelativo debe desestimar el recurso por este ser prematuro. En cambio, un recurso que se presenta luego del término que provee la ley para recurrir debe desestimarse por ser un recurso tardío. La presentación prematura o tardía del recurso priva de jurisdicción al tribunal al cual se recurre.[19] De manera que, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[20]

Por esa razón, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[21], nos autoriza a desestimar un recurso a iniciativa propia, cuando carecemos de jurisdicción para atenderlo.

En lo pertinente al asunto ante nuestra consideración, dicho precepto legal dispone:

> (E) Cuando se presente un recurso prematuro por estar pendiente de resolver una moción de reconsideración ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones podrá, a petición de parte o *motu proprio*, tomar medidas mientras se dilucida la moción de reconsideración para facilitar el trámite apelativo posterior en aras de la economía procesal y de la reducción de costos de las partes.[22]

Precisamente la Regla 64(n)(4) de Procedimiento Criminal, *supra*, expresamente reconoce la disponibilidad del mecanismo de reconsideración para las determinaciones concernientes a los términos de juicio rápido.

Una oportuna moción de reconsideración de una resolución u orden interlocutoria durante un proceso penal interrumpe el término de treinta (30) días para acudir mediante *certiorari* ante este Tribunal de Apelaciones. El referido término comenzará a

---

[19] *Pueblo v. Rivera Ortiz,* supra, págs. 414-415.
[20] *Rivera Marcucci v. Suiza Dairy Inc., supra.*
[21] 4 LPRA Ap. XXII-B, Regla 83 (C).
[22] *Íd.*

transcurrir cuando se notifique la resolución que resuelva la solicitud de reconsideración.[23]

III.

Surge de los autos que el 19 de septiembre de 2023, el Ministerio Público presentó una oportuna moción de reconsideración de la decisión de desestimar las acusaciones, emitida el 11 de septiembre de 2023. En respuesta, la Defensa presentó *Moción en Oposición a Reconsideración.* El 3 de octubre de 2023, el TPI denegó la referida moción en oposición. Dicha resolución de 3 de octubre de 2023 no adjudicó los planteamientos relativos a la reconsideración solicitada por el Ministerio Público.

Tampoco podemos inferir que mediante la resolución que denegó la moción en oposición a la solicitud de reconsideración, el TPI igualmente atendiera la petición de reconsideración del Ministerio Público. Hemos examinado la *Moción en Oposición a Reconsideración* de la Defensa y de esta no surge ningún requerimiento distinto más allá de una contestación u objeción a la reconsideración solicitada por el Ministerio Público.

La presentación de la moción de reconsideración interrumpió el término para acudir mediante *certiorari* ante este tribunal apelativo. Al momento de la presentación del recurso, dicha moción de reconsideración aún no ha sido resuelta por el foro recurrido. Por ende, hasta tanto el TPI notifique la resolución que adjudique la moción de reconsideración, el término para solicitar la revisión del dictamen no ha comenzado a transcurrir. Consecuentemente, la presentación del recurso de *certiorari* de epígrafe fue prematura, por lo que estamos impedidos de atenderlo en sus méritos.

---

[23] *Pueblo v. Román Feliciano,* 181 DPR 679, 693 (2011).

IV.

Por los fundamentos expuestos, se desestima el recurso de *certiorari* presentado por El Pueblo de Puerto Rico, por falta de jurisdicción al ser prematuro. Se ordena el desglose de las copias del apéndice del recurso.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones