ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JAVIER MARTÍNEZ ACOSTA **RECURRENTE** v. ADMINISTRACIÓN DE CORRECCIÓN Y REHABILITACIÓN **AGENCIA RECURRIDA** | KLRA202400104 | Revisión administrativa procedente de la División de Remedios Administrativos del Depto. de Corrección y Rehabilitación Caso Núm. ICG-1805-2024 Sobre: SOLICITUD DE REMEDIO |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de abril de 2024.

Comparece ante este tribunal, el recurrente, señor Javier Martínez Acosta, en adelante el recurrente o Martínez Acosta. Mediante recurso de revisión administrativa aduce que el Departamento de Corrección y Rehabilitación cometió un error al devolverle una solicitud de reconsideración relacionada a un remedio administrativo, por haberla presentado tardíamente. Por los fundamentos que acompañamos a continuación desestimamos el recurso ante la falta de jurisdicción de este foro, por haberse presentado tardíamente. Los hechos esenciales para comprender nuestra determinación se detallan a continuación.

**I.**

Martínez Acosta se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación, en adelante DCR. El 7 de diciembre de 2023 presentó la *Solicitud de Remedios Administrativos* número ICG-1805-2023 ante la División de Remedios Administrativos. En esencia, solicitaba se le acreditaran unas bonificaciones por estudio. El 17 de enero de 2024, el DCR a

Número Identificador

SEN2024_____

través de la División de Remedios Administrativos respondió a su solicitud indicándole lo siguiente:

> La última bonificación adicional que se le otorgó al confinado fue el 9 de agosto de 2023. El confinado tiene un periodo de Bonificación adicional cada 6 meses por lo que le corresponde evaluar su pedido en febrero de 2024.
>
> En el periodo se le otorgará bonificación adicional por sus estudios en el Curso Vocacional siempre y cuando exista la evidencia.

En la Respuesta, el DCR incluyó las advertencias en caso de inconformidad con la determinación. Específicamente consignó el término de 20 días para presentar una reconsideración ante la agencia o el término alterno de 30 días para presentar una solicitud de revisión judicial ante este tribunal, en caso de no presentar una reconsideración. Esta respuesta fue recibida por el recurrente el 17 de enero de 2024.

Así las cosas, en su escrito, el recurrente, sin hacer un señalamiento de error apropiadamente parece plantear su inconformidad con el proceso que el evaluador confirió a una supuesta reconsideración presentada por este en el buzón de "RA del Edificio #6." Arguye que el Evaluador devolvió la solicitud de reconsideración, por haber sido presentada fuera de término cuando lo que correspondía era que se le enviara al Coordinador para que determinara si era tardía.

Por otro lado, a instancias de este tribunal, la Oficina del Procurador General compareció en representación de DCR y solicitó la desestimación del recurso. Planteó que de la Copia Certificada del Expediente Administrativo Núm. ICG-1805-2023, no surge evidencia de que Martínez Acosta hubiese presentado una solicitud de reconsideración relacionada al Remedio Administrativo, por lo que la presentación de su recurso ante este foro, el 22 de febrero de 2024, era tardía, privándonos de jurisdicción.

**II.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para decidir casos o controversias. Cuando un tribunal no tiene jurisdicción, no tiene discreción para asumirla y tiene que desestimar el caso independientemente de las consecuencias que conlleve. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019); *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 164-165 (2016). Esto, pues, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, supra; *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Además, debemos asegurarnos de que el recurso ante nuestra consideración no haya sido presentado de forma prematura o tardía. Un recurso prematuro, al igual que uno tardío sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico. *Torres Martínez v. Ghigliotty*, 175 DPR 83, 98 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003[1] dispone que el Tribunal Apelativo revisará, como cuestión de derecho, las decisiones finales de los organismos y agencias administrativas conforme la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico.[2] Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal

---

[1] Ley 201-2003; 4 LPRA sec. 24u.
[2] Ley Núm. 38 de 30 de junio de 2017, según enmendada

de Apelaciones, dentro de un término de treinta (30) días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15[3] de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 LPRA § 9672.

Cónsono con lo anterior, las Reglas 56 y 57 del Reglamento del Tribunal de Apelaciones dispone que este tribunal ostenta autoridad para atender los recursos de revisiones de las órdenes o resoluciones finales emitidas por las agencias y los organismos administrativos. La Regla 57 establece que el escrito inicial de revisión de una decisión administrativa deberá ser presentado dentro del término jurisdiccional de treinta días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Reglas 56 y 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56 y 57.

En otro orden de cosas, la Regla XIV del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicados por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 3 de junio de 2015, dispone expresamente que:

1. Si el miembro de la población correccional no estuviere de acuerdo con la respuesta emitida, podrá solicitar la revisión, mediante escrito de Reconsideración ante el Coordinador, dentro del término de veinte (20) días calendarios, contados a partir del recibo de la notificación de la respuesta.

2. En dicha solicitud será responsabilidad del miembro de la población correccional mencionar el

---

[3] La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.... 3 LPRA § 9655.

número de la solicitud de remedio que está reconsiderando y no podrá incluir nuevos planteamientos que no fueron incluidos en la solicitud original.

3. El Evaluador deberá remitir inmediatamente al Coordinador la solicitud de reconsideración con el expediente del caso para la evaluación correspondiente.

4. El Coordinador, una vez recibida la Solicitud de Reconsideración por parte del Evaluador, tendrá quince (15) días para emitir una respuesta al miembro de la población correccional si acoge o no su solicitud de reconsideración. Si se denegara de plano o el miembro de la población correccional no recibe respuesta de su solicitud de reconsideración en el término de quince (15) días, podrá recurrir, por escrito, en revisión judicial ante el Tribunal de Apelaciones. Este término comenzará a correr nuevamente desde el recibo de la notificación de negativa o desde que se expiren los quince (15) días, según sea el caso.

Si se acoge la solicitud de reconsideración, el Coordinador tendrá treinta (30) días laborables para emitir Resolución de Reconsideración. Este término comenzará a transcurrir desde la fecha en que se emitió la respuesta de reconsideración al miembro de la población correccional salvo que medie justa causa.

5. El Evaluador entregará al miembro de la población correccional, dentro del término de cinco (5) días laborables a partir del recibo de la respuesta de solicitud de reconsideración emitida por el coordinador.
…

Por otra parte, la Regla XV establece que el confinado podrá solicitar revisión ante el Tribunal de Apelaciones dentro de 30 días calendarios, a partir del archivo en autos de la notificación de la Resolución de Reconsideración, o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la agencia no actúa conforme a la misma.

En lo pertinente, la Regla 83 (B) de nuestro Reglamento, *supra,* establece que una parte puede solicitar en cualquier momento la desestimación de un recurso cuando "el Tribunal de Apelaciones carece de jurisdicción". El inciso (C) de la Regla también faculta a este tribunal para que, a iniciativa propia, desestime un recurso por cualquiera de los motivos consignados en el inciso (B).

**III**

Como anticipamos, el 17 de enero de 2024, el Evaluador notificó al recurrente la *Respuesta a la Solicitud de Remedio Administrativo*. Según las alegaciones del DCR, el recurrente no presentó solicitud de reconsideración, por lo que la presentación del recurso ante nuestra consideración fue tardía, siendo el término para la presentación del mismo uno jurisdiccional. No obstante, el recurrente alega que presentó solicitud de reconsideración, pero que fue devuelta por el Evaluador, por haber sido presentada tardíamente. Precisamente ese es el cuestionamiento base de su recurso, la facultad del Evaluador para rechazar la solicitud por tardía, en vez de referirla al Coordinador conforme la reglamentación. No obstante, del apéndice del expediente no surge solicitud de reconsideración relacionada a la *Solicitud de Remedio Administrativo* Núm. ICG-1805-2023. La solicitud de reconsideración responde a otro número de remedio administrativo, específicamente a la ICG-1805-2024, por lo que tenemos que coincidir con lo alegado por el DCR, en que no se presentó una solicitud de reconsideración en el recurso que nos ocupa. Recordemos que meras alegaciones no constituyen prueba. El recurrente venía obligado a presentar, como parte del apéndice de su recurso, la solicitud de reconsideración pertinente al remedio administrativo cuestionado. Por tal razón, no nos queda otro remedio que desestimar el recurso por tardío.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones