Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES LAS VISTAS, INC.<br><br>Apelado<br><br><br>V.<br><br>FIDEICOMISO MIS ENRIQUES<br><br><br>Apelante | TA2025AP00171 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br><br>Civil Núm. CB2022CV00141<br><br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

Comparece ante nos, el Fideicomiso Mis Enriques (en adelante, "Fideicomiso" o "parte apelante-demandada") y nos solicita que revisemos la *Sentencia Sumaria* emitida el 10 de junio de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Añasco (en adelante, "tribunal de instancia" o "TPI").[2] Allí, se declaró *Con Lugar* la solicitud de sentencia sumaria radicada por la Asociación de Residentes Las Vistas, Inc. (en adelante, "Asociación" o "parte apelada-demandante"), en la que concedió la demanda en cobro de dinero a favor de la Asociación.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia Sumaria* recurrida.

---

[1] Notificada el 12 de junio de 2025.
[2] Véase, Entrada 148 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

Nos limitaremos a presentar los hechos del caso relacionados a esta controversia, sin especificar ciertos trámites cuya omisión no incide en nuestra determinación final. Veamos.

**-I-**

El caso de autos se originó el **15 de marzo de 2022**, ocasión en que la Asociación instó una *Demanda* sobre cobro de dinero en contra del Fideicomiso.[3] Adujo que, con la adquisición del inmueble en la Urbanización Las Vistas, el Fideicomiso se obligó a satisfacer una cuota mensual de mantenimiento para las áreas comunes y el mecanismo de acceso controlado. No obstante, incumplió con su obligación de efectuar los pagos de las mensualidades por concepto de cánones de mantenimiento. Manifestó que mediante comunicación escrita requirió el pago de lo adeudado, sin embargo, las gestiones fueron infructuosas. Por lo cual, solicitó al tribunal de instancia que ordenara al Fideicomiso a satisfacer la cantidad de $6,724.98 por concepto de cánones de mantenimiento, recargos, penalidades acumuladas y el cargo contemplado en el Reglamento para nuevos adquirentes, más los intereses acumulados hasta el pago total de la deuda, costas, gastos y honorarios de abogados ascendentes a $1,500.00.[4]

Luego de ser emplazado por edicto, el **24 de agosto de 2022**, el Fideicomiso compareció sin someterse a la jurisdicción, y entre otras cosas, solicitó una prórroga para contestar la demanda.

El **6 de septiembre de 2022**, la Asociación radicó un *Escrito informativo sobre notificación de primer pliego de interrogatorios a la parte demandada.*[5]

Luego de que el tribunal de instancia resolviera la controversia de jurisdicción, el **1 de marzo de 2023**, el Fideicomiso sometió un

---

[3] Véase, Entrada Núm. 1 de SUMAC.
[4] La cantidad reclamada era a la fecha del 31 de marzo de 2022.
[5] Véase, Entrada Núm. 13 de SUMAC.

*Escrito informativo sobre envío del primer pliego de interrogatorio y producción de documentos,*[6] para que la Asociación lo contestara.

Finalmente, el **6 de marzo de 2023**, el Fideicomiso presentó su *Contestación a la demanda.*[7] En esencia, negó las alegaciones de la demanda y levantó varias defensas afirmativas; entre ellas, se encuentran: que no tiene acceso a las áreas comunes, por lo que no disfruta de las mismas; que no utiliza los servicios comunes, ni el portón de entrada; que nunca ha tenido acceso a las áreas comunes; que nunca ha tenido acceso a un beeper de entrada, tele-entry, ni forma de entrar a la urbanización; que la Asociación no le ha dado acceso a la urbanización; que la Asociación le prohíbe la entrada a la urbanización; y, que la Asociación le niega los servicios de la urbanización.

El **28 de marzo de 2023**, el Fideicomiso sometió un *Escrito informativo sobre envío de respuestas interrogatorio.*[8]

El **3 de abril de 2023**, la Asociación radicó una *Moción solicitando orden protectora al amparo de la Regla 23.2.*[9] Allí hizo constar que el interrogatorio cursado y los documentos requeridos por el Fideicomiso, contenían muchas preguntas que no tenían pertinencia a la causa de acción de cobro de dinero. Por lo cual, solicitó que se expidiera una orden protectora y/o limitación al descubrimiento de prueba.

**Ese mismo día**, el Fideicomiso presentó su *Escrito en oposición moción solicitando orden protectora al amparo de la regla 23.2.*[10] **Más tarde en ese día**, el tribunal de instancia emitió una *Orden* en la que determinó:[11]

> *Ha Lugar a la solicitud de la parte demandante. Se ordena a la parte demandada a limitar su descubrimiento de prueba a los fines de que se circunscriba a la reclamación que en este*

---

[6] Véase, Entrada Núm. 43 de SUMAC.
[7] Véase, Entrada Núm. 44 de SUMAC.
[8] Véase, Entrada Núm. 50 de SUMAC.
[9] Véase, Entrada Núm. 52 de SUMAC.
[10] Véase, Entrada Núm. 54 de SUMAC.
[11] Notificada al día siguiente.

*caso es particularmente una deuda exigida mediante un proceso civil de cobro de dinero. Parte demandante únicamente conteste o someta aquello que tenga relación con la causa de acción.*[12]

En desacuerdo, el **19 de abril de 2023**, el Fideicomiso presentó un *Escrito en reconsideración.*[13] Arguyó que el tribunal de instancia emitió la *Orden* del 3 de abril de 2023, sin darle la oportunidad de expresarse.

El **3 de mayo de 2023**,[14] se celebró una *Vista de Status Conference.*[15] En esta, el Fideicomiso admitió que no se había efectuado ningún pago porque no procedía el cobro de dinero. En cambio, la Asociación argumentó que las condiciones restrictivas puestas por el desarrollador constaban en la escritura matriz, por lo que, al comprar, la parte apelante-demandada se sujetó a las mismas. Así pues, la Asociación informó que, dado la admisión del Fideicomiso, presentaría una moción de sentencia sumaria.

**Al día siguiente**, la Asociación radicó un *Escrito informativo sobre contestación al primer pliego de interrogatorios.*[16]

El **15 de mayo de 2023**, el Fideicomiso sometió un *Escrito en cumplimiento de Orden sobre descubrimiento de prueba.*[17] En este expresó sus objeciones a las respuestas del Primer Pliego de Interrogatorio y Producción de Documentos.

Evaluadas las mociones, el **26 de mayo de 2023**,[18] el tribunal de instancia emitió una *Orden* y declaró que el Fideicomiso no tenía razón en las objeciones levantadas, puesto que la información que se pretendía obtener (mediante el interrogatorio) no era pertinente al proceso de cobro de dinero.[19] Así, resolvió:

> *El caso de autos se trata de una causa de acción al amparo de la Regla 60, sobre cobro de dinero a saber, de una alegada deuda, según se ha especificado por la parte*

---

[12] Véase, Entrada Núm. 55 de SUMAC. Énfasis nuestro.
[13] Véase, Entrada Núm. 60 de SUMAC.
[14] Transcrita el 12 de mayo de 2023.
[15] Véase, Entrada Núm. 64 de SUMAC.
[16] Véase, Entrada Núm. 62 de SUMAC.
[17] Véase, Entrada Núm. 65 de SUMAC.
[18] Notificada el 30 de mayo de 2023.
[19] Véase, Entrada Núm. 66 y 72 de SUMAC.

> *demandante, con relación a la aportación a cuota de mantenimiento. Por su parte, la demandada alega la inexistencia de la misma.*
>
> *Las partes han cursado el descubrimiento de prueba correspondiente. Sin embargo, la parte demandada solicita auxilio del tribunal toda vez que a su juicio la demandante no ha completado el mismo.*
>
> *Este tribunal ha evaluado una por una las preguntas formuladas por la parte demandada y las contestaciones del demandante, así como las que objeta la demand[a]da y determina que no le asiste la razón a dicha parte. La **información que pretende obtenerse a través del interrogatorio objeto de esta moción es una no pertinente al proceso de cobro de cuotas de mantenimiento**.*
>
> *No debe la parte demandada utilizar o confundir el descubrimiento de prueba como una vía para obtener información que válidamente podría requerir a la Junta de Directores o Consejo de Titulares del proyecto o urbanización conforme a su reglamento y/o disposiciones legales aplicables.[20]*

Inconforme, el **30 de junio de 2023**, el Fideicomiso presentó un *Escrito solicitando vista al amparo de la Regla 34.2 de las de Procedimiento Civil y el cumplimiento con la Regla 37.[21]* También, sometió un *Escrito sobre causa de acción – proceso ordinario y en solicitud de determinaciones de hechos y derechos adicionales*.[22] En este último, alegó que existía controversia en cuanto a la legalidad de la deuda. Adujo, además, que el TPI *motu proprio* y sin su consentimiento, cambió el caso de uno ordinario a uno sumario, sin tener los fundamentos en derecho. Por lo que en virtud de la Regla 43.1 de Procedimiento Civil, solicitó al tribunal de instancia que emitiera explicaciones sobre las determinaciones de hechos y conclusiones en derecho *"para indicar que el caso se debe limitar a la causa de acción únicamente del demandante y la alegada procedencia del cobro de dinero"*.

No obstante, a las mociones antes dichas, ese mismo día **30 de junio de 2023**, el Fideicomiso volvió a radicar un segundo *Escrito en reconsideración y determinaciones de hechos y derechos*

---

[20] La antes referida orden fue transcrita en la *Resolución* emitida el 14 de junio de 2023 por el Tribunal de Primera Instancia. Véase, Entrada Núm. 72 de SUMAC. Énfasis nuestro.

[21] Véase, Entrada Núm. 73 de SUMAC.

[22] Véase, Entrada Núm. 74 de SUMAC.

*adicionales.*[23] En particular, volvió a solicitar al TPI "*explicaciones sobre las determinaciones de hechos y conclusiones en derecho para emitir unas [órdenes], que pueden conseguirse de manera menos destructivas, recovando su propia determinación sobre la culminación del descubrimiento de prueba*". Así, adujo que el tribunal de instancia erró al:

> (1) *prejuzgar como correctas las cantidades **reclamadas sin atender (y negarse hacerlo) las defensas afirmativas formuladas por la parte demandada, violándole su derecho constitucional al debido proceso de ley,***
>
> (2) *cambiar el curso del caso de uno **ordinario** a uno sumario, motu proprio, sin el consentimiento, causa ni solicitud de las partes;*
>
> (3) *este Honorable Tribunal está dirigiendo el curso del caso, conforme al calendario de la sala, sin tomar en consideración el derecho de las partes;*
>
> (4) *determinar la pertinencia de las defensas de la parte demandada, negándole su derecho a presentarlas;*
>
> (5) *quebrantar el derecho constitucional del aquí compareciente a defenderse prohibiéndole el descubrir prueba y presentar testigos.*

En esencia, reiteró al TPI: que reconsiderara su determinación del 26 de mayo de 2023, que no le continuara violando el *debido proceso de ley*, que no limitara el descubrimiento de prueba sin justificación legal alguna y celebrara una vista.

El **16 de febrero de 2024**,[24] se celebró una *Vista de Estado de los Procedimientos*.[25] En esta, el tribunal de instancia concluyó que el caso de autos era uno ordinario, por lo que aplicaba la Regla 37.1 de Procedimiento Civil.

Posteriormente, el **27 de junio de 2024**, se presentó el *Informe para el manejo de caso*.[26]

Tras varios trámites procesales, el **8 de agosto de 2024**,[27] se celebró la *Vista de Conferencia Inicial*.[28] En síntesis, el tribunal de

---

[23] Véase, Entrada Núm. 75 de SUMAC.
[24] Transcrita el 28 de febrero de 2024.
[25] Véase, Entrada Núm. 94 de SUMAC.
[26] Véase, Entrada Núm. 99 de SUMAC.
[27] Transcrita el 4 de septiembre de 2024.
[28] Véase, Entrada Núm. 107 de SUMAC.

instancia concedió a las partes, entre otras, término para enmendar el Informe de Manejo del Caso y exponer porqué el TPI no debía dar por terminado el descubrimiento de prueba.

El **8 de octubre de 2024**, se llamó el caso para un *Status Conference.*[29] Escuchados los planteamientos de las partes, el tribunal de instancia concedió a la Asociación un término de quince (15) días para presentar su moción con las contestaciones de las preguntas 6, 8, 9, 10, 11, 15, 16, 18, 24, 27, 45, 46 y 51 del interrogatorio. Además, concedió un término de veinte (20) días para presentar las correspondientes mociones de sentencia sumaria.

Tal cual ordenado, el **10 de octubre de 2024**, la Asociación sometió *Escrito informativo*, en el cual cursó sus contestaciones a las trece (13) preguntas del interrogatorio objetado.[30]

**El mismo día**,[31] el tribunal de instancia emitió una *Resolución y Orden* en la que concedió al Fideicomiso un término de quince (15) días para fijar su posición en cuanto a las contestaciones y/o modificaciones a las contestaciones de las trece (13) preguntas del interrogatorio.[32]

El **30 de octubre de 2024**, la Asociación presentó una *Solicitud para que se dicte sentencia sumaria a favor de la parte demandante.*[33] Acompañó junto a su moción los siguientes documentos: **(1)** Inscripción del Registro de la Propiedad, Folio Karibe, Finca número 36984 de Cabo Rojo;[34] **(2)** Escritura Número Tres (3) sobre Segregación y Compraventa, otorgada el 12 de marzo de 2019 ante el notario Edgar I. Ramírez Camacho;[35] **(3)** Escritura Número Siete (7) sobre Servidumbres en Equidad de Las Vistas, Inc. otorgada el 19 de enero de 2007 ante el notario Luis Roberto

---

[29] Véase, Entrada Núm. 111 de SUMAC.
[30] Véase, Entrada Núm. 110 de SUMAC.
[31] Notificada el 15 de octubre de 2024.
[32] Véase, Entrada Núm. 113 de SUMAC.
[33] Véase, Entrada Núm. 114 de SUMAC.
[34] Véase, Anejo I – Folios Fca. 36984 Cr de la Entrada Núm. 114 de SUMAC.
[35] Véase, Anejo Ii – Esc. Segr. y Cv. 3-2019 de la Entrada Núm. 114 de SUMAC.

Santos;[36] **(4)** Estado de cuenta de Las Vistas, con fecha del 1 de octubre de 2024, dirigido a la señora Brenda M. Fernández Santiago;[37] **(5)** Declaración jurada prestada por el Sr. Heriberto Del Valle Rivera;[38] **(6)** Reglamento General de la Asociación [sic.] de Residentes de Urbanización Las Vistas aprobado el 12 de agosto de 2013;[39] **(7)** Certificado de Registro en el Departamento de Estado correspondiente a la Asociación de Residentes Las Vistas, Inc.;[40] **(8)** Minuta del 3 de mayo de 2023, transcrita el 12 de mayo de 2023;[41] **(9)** Ley de Fideicomisos;[42] **(10)** Inscripción del Registro de la Propiedad, Finca Número 29347, Tomo 867, Folio 0022 de Cabo Rojo;[43] **(11)** Inscripción del Registro de la Propiedad, Finca Número 29317, Tomo 939, Folio 220 de Cabo Rojo;[44] **(12)** Inscripción del Registro de la Propiedad, Finca Número 29347, Tomo 1011, Folio 100 de Cabo Rojo;[45] **(13)** Inscripción del Registro de la Propiedad, Finca Número 29347, Tomo 943, Folio 127 de Cabo Rojo;[46] **(14)** Inscripción del Registro de la Propiedad, Folio Karibe, Finca número 29347 de Cabo Rojo.[47]

Alegó que los siguientes asuntos estaban controvertidos:

1. *El primer asunto en controversia es si la Urbanización Las Vistas, Inc. en Cabo Rojo es un desarrollo urbano con condiciones restrictivas que constituyen gravámenes sobre todos los inmuebles como predios sirvientes y teniendo la peculiaridad que a la vez son predios dominantes.*

2. *El segundo asunto en controversia es si con la adquisición del inmueble sito en el número 73 de la Calle Altamar, de la Urbanización Las Vistas en Cabo Rojo, Puerto Rico, la parte demandada se obligó a satisfacer una cuota*

---

[36] Véase, Anejo Iii – Esc. Serv. Eq. 7-2007 de la Entrada Núm. 114 de SUMAC.
[37] Véase, Anejo Iv – Est. Cta. 10-01-24 de la Entrada Núm. 114 de SUMAC.
[38] Véase, Anejo V – Juramento Sr. Heriberto Del Valle de la Entrada Núm. 114 de SUMAC.
[39] Véase, Anejo Vi – Reglamento Urb. Las Vistas de la Entrada Núm. 114 de SUMAC.
[40] Véase, Anejo Vii – Certif. Registro Depto. Estado de la Entrada Núm. 114 de SUMAC.
[41] Véase, Anejo Viii – Minuta 3 de mayo [sic] 2023 de la Entrada Núm. 114 de SUMAC.
[42] Véase, Anejo Ix – Ley Fideicomisos de la Entrada Núm. 114 de SUMAC.
[43] Véase, Anejo X – Fca. 29347 Cr (1) de la Entrada Núm. 114 de SUMAC.
[44] Véase, Anejo X – Fca. 29347 Cr (2) de la Entrada Núm. 114 de SUMAC.
[45] Véase, Anejo X – Fca. 29347 Cr (3) de la Entrada Núm. 114 de SUMAC.
[46] Véase, Anejo X – Fca. 29347 Cr (4) de la Entrada Núm. 114 de SUMAC.
[47] Véase, Anejo X – Fca. 29347 Cr (5) de la Entrada Núm. 114 de SUMAC.

*mensual de mantenimiento para las áreas comunes y el mecanismo del acceso controlado.*

3. *El tercer asunto en controversia es si el Fideicomiso Mis Enriques al admitir que no ha hecho pago alguno por concepto de cuotas de mantenimiento, ha incumplido con la obligación de hacer los mismos conforme las disposiciones que rigen el conjunto de inmuebles que componen la Urbanización Las Vistas en Cabo Rojo, Puerto Rico[,] y sobre los que pesan las disposiciones de la Asociación de Residentes Las Vistas, Inc.*

4. *El cuarto asunto en controversia es si al 31 de marzo de 2022 el Fideicomiso Mis Enriques adeuda la suma de $6,724.98 por concepto de los cánones de mantenimiento, siendo las mensualidades a razón de $150.00, más los recargos por mora y las penalidades acumuladas hasta dicha fecha.*

5. *El quinto asunto en controversia es si el Fideicomiso Mis Enriques viene obligado a satisfacer la cantidad de $500.00 contemplado en el Capítulo VII: Administración de Fondos, Artículo 28 del Reglamento de la Asociación de Residentes las Vistas, Inc. para los nuevos adquirentes y en calidad de fondo de reserva.*

6. *El sexto asunto en controversia es si el Fideicomiso Mis Enriques adeuda además las mensualidades por concepto de cánones de mantenimiento acumuladas desde el 31 de marzo de 2022 hasta que se dicte sentencia; cantidad ésta que asciende al 1ro. de octubre de 2024 a $14,487.07.*

7. *El séptimo asunto en controversia es si se dictara sentencia a favor de la parte demandante, si el Fideicomiso Mis Enriques viene obligado a satisfacer todos los gastos y los honorarios de abogado en los que haya incurrido la parte demandante en el presente pleito judicial.*

De ese modo, arguyó que los siguientes **hechos no estaban en controversia**:

1. *No existe controversia sustancial en cuanto a que la Asociación de Residentes Las Vistas, Inc. es una corporación doméstica debidamente registrada en el Departamento de Estado de Puerto Rico, con capacidad jurídica propia para demandar y ser demandada. Véase alegación número 1 de la Demanda y la alegación número 1 de la Contestación a la Demanda. Véase Anejo VII – Certificado de Registro.*

2. *No existe controversia sustancial en cuanto a que el Fideicomiso Mis Enriques es un ente con personalidad jurídica plena e independiente con capacidad para demandar y ser demandado. Véase alegación número 2 de la Demanda y la alegación número 2 de la Contestación a la Demanda.*

3. *No existe controversia sustancial en cuanto a que el Fideicomiso Mis Enriques es el titular con derecho de dominio sobre el inmueble sito en el número 73 de la Calle*

> *Altamar de la Urbanización Las Vistas en Cabo Rojo, Puerto Rico. Véase alegación número 2 de la Demanda y la alegación número 2 de la Contestación a la Demanda. Véase Anejo II.*
>
> **4.** *No existe controversia sustancial en cuanto a que el Fideicomiso Mis Enriques nunca ha hecho pago alguno por concepto de las mensualidades de los cánones de mantenimiento del inmueble que le pertenece en la Urbanización Las Vistas. Véase la alegación número 5 de la Demanda y escúchese la grabación de la vista sobre el estado de los procedimientos celebrada el 3 de mayo de 2023 ante la Honorable Juez Soraya Méndez Polanco, en la que la fiduciaria del Fideicomiso Mis Enriques, Lcda. Brenda Fernández Santiago, admitió que el Fideicomiso Mis Enriques nunca ha hecho pago alguno por concepto de los cánones de mantenimiento de su propiedad sita en la Urbanización Las Vistas. Véase Anejo VIII - Minuta de fecha 3 de mayo de 2023.*

La Asociación argumentó que, dado a que el Fideicomiso incumplió con su obligación de pagar puntualmente las mensualidades por concepto de cánones de mantenimiento para las áreas comunes y el mecanismo del acceso controlado de la Urbanización Las Vistas, procedía que se dictara sentencia sumaria a su favor, disponiendo que hasta el 1 de octubre de 2024 la parte apelante-demandada le adeudaba la cantidad de $14,487.07. Detalló que dicha suma era de fácil determinación matemática porque al Fideicomiso admitir que nunca pagó las cuantías de dinero a las que se obligó contractualmente, entonces debía la suma de todas las mensualidades, los intereses y las penalidades acordadas contractualmente desde el inicio de dicha obligación hasta el presente.

El **8 de noviembre de 2024**, el Fideicomiso presentó un *Escrito en cumplimiento de orden y oposición* en respuesta a la *Resolución y Orden* emitida el 10 de octubre de 2024 y notificada el 15 de octubre de 2024.[48] Sostuvo que la Asociación no contestó las preguntas del interrogatorio conforme solicitado. Agregó que necesitaba dicha información para presentar su oposición a la

---

[48] Véase, Entrada Núm. 118 de SUMAC.

moción de sentencia sumaria presentada por la parte apelada-demandante.

El **13 de noviembre de 2024**,[49] el tribunal de instancia emitió una *Resolución y Orden*,[50] en la que determinó lo siguiente:

> *A Escrito en Cumplimiento de Orden y Oposición, presentado el 8 de noviembre de 2024, el tribunal resuelve:*
>
> *En la vista del 8 de octubre de 2024, el tribunal ordenó a la parte demandante contestar 13 preguntas del interrogatorio cursado por la parte demandada. El demandante con fecha del 10 de octubre de 2024, mediante escrito informó al tribunal haber cumplido con lo ordenado.*
>
> *El tribunal mediante Resolución y Orden con fecha del 10 de octubre de 2024, y notificada el 15 de octubre de 2024, concedió 15 días a la parte demandada para fijar posición en cuanto a la moción presentada.*
>
> *El 30 de octubre de 2024 (fecha en que vencía el plazo de 15 días) la parte demandada le solicitó al tribunal una prórroga de 5 días para fijar posición. En su escrito informó que la parte demandante había cumplido con las preguntas # 10 y #11 del interrogatorio.*
>
> *El tribunal mediante Resolución con fecha del 31 de octubre de 2024 (notificada el 31 de octubre de 2024) concedió la prórroga solicitada.*
>
> *La parte demandante con fecha del 30 de octubre de 2024, presentó moción de sentencia sumaria la cual, el tribunal mediante Resolución y Orden con fecha del 30 de octubre de 2024 (notificada el 31 de octubre de 2024) concedió 20 días a la parte demandada para fijar posición.*
>
> *La parte demandada en su escrito en cumplimiento de orden y oposición informa al tribunal que la parte demandante no cumplió con la orden del tribunal en la vista del día 8 de octubre de 2024 y añadió entre las preguntas no contestadas las #10 y #11, las cuales había en su escrito del 30 de octubre de 2024 indicó que habían sido contestadas. Por último, que la sentencia sumaria no ha sido contestada por no haberse provisto las contestaciones a las preguntas.* [sic.]
>
> *De una lectura a las preguntas formuladas por la demandante, el tribunal concluye que la información solicitada no es una específica o particular. No vemos en el escrito, que se establezca la pertinencia y materialidad de la información solicitada.*
>
> **Con relación a la solicitud de sentencia sumaria, se instruye al demandante que cumpla con la orden del tribunal en cuanto a fijar su posición en el término provisto.**[51]

En contraposición, el **14 de noviembre de 2024**, el Fideicomiso sometió el *Escrito en oposición a presentación de*

---

[49] Notificada el 20 de noviembre de 2024.
[50] Véase, Entrada Núm. 120 de SUMAC.
[51] Énfasis nuestro.

*sentencia sumaria prematura.*[52] En esencia, alegó que se encontraba desprovisto de información necesaria para presentar su oposición fundamentada en hechos y derechos. Por lo cual, solicitó no se diera por presentada la sentencia sumaria hasta tanto la Asociación cumpliera con el descubrimiento de prueba.

Posteriormente, el **5 de diciembre de 2024**, el Fideicomiso presentó otro *Escrito en reconsideración y determinación de hechos y derechos adicionales.*[53] Recurrió de la *Resolución y Orden* emitida el 13 de noviembre de 2024 y notificada el 20 de noviembre del 2024 para volver a señalar las mismas alegaciones de que el tribunal de instancia erró al: **(1)** prejuzgar el presente caso; **(2)** confundir las partes y controversias con el caso I4CI201800290, que también tiene ante su consideración, razón por la que la Hon. Juez Mónica Alpi se inhibió; **(3)** quebrantar el derecho constitucional del aquí compareciente a defenderse prohibiéndole el descubrir prueba y presentar testigos. Por lo que reiteró su solicitud de que no se limitara el descubrimiento de prueba; se ordenara a la Asociación a responder a todas las preguntas del interrogatorio; y, no les obligara a responder a la sentencia sumaria hasta que se culminara el descubrimiento de prueba.

El **6 de diciembre de 2024**,[54] el tribunal de instancia emitió una *Resolución Interlocutoria.*[55] Determinó lo siguiente: "*Examinado el escrito en reconsideración y determinación de hechos y derechos adicionales, el caso está pendiente de ser asignado a otro Juez.*"

El **3 de enero de 2025**, la Asociación presentó un *Escrito solicitando se declare con lugar la solicitud de sentencia sumaria a favor de la parte demandante.*[56] Atisbó que transcurrido el término

---

[52] Véase, Entrada Núm. 119 de SUMAC.
[53] Véase, Entrada Núm. 130 de SUMAC.
[54] Notificado el 13 de diciembre de 2024.
[55] Véase, Entrada Núm. 134 de SUMAC.
[56] Véase, Entrada Núm. 135 de SUMAC.

sin que el Fideicomiso radicara su oposición, procedía que se dictara sentencia sumaria a su favor.

**Ese mismo día**, el Fideicomiso presentó un *Escrito en Oposición.*[57] En esencia, se opuso a que se dictara sentencia sumaria a favor de la Asociación ya que la *Reconsideración* presentada el 5 de diciembre de 2024 había interrumpido el término.

Nuevamente, el **16 de enero de 2025**, la Asociación radicó una *Segunda solicitud para que se dicte sentencia sumaria a favor de la parte demandante.*[58]

El **12 de febrero de 2025**, el tribunal de instancia emitió y notificó *Orden Aclaración Demandada.*[59] Allí, determinó lo siguiente:

> *EL TRIBUNAL HA EVALUADO DETENIDA Y PROFUNDAMENTE LOS ESCRITOS PRESENTADOS POR LA PARTES. LA PARTE DEMANDANTE HA SOLICITADO QUE EL TRIBUNAL CONSIDERE UNA SOLICITUD DE SENTENCIA SUMARIA, Y POR TAL MOTIVO EL TRIBUNAL HA ORDENADO A LA PARTE DEMANDADA PRESENTE SU POSICIÓN CON RELACIÓN A LA MISMA.* [sic.]
>
> ***LA PARTE DEMANDADA HA HECHO REFERENCIA A LA ENTRADA #130 DE SUMAC****. DE UNA LECTURA DEL REFERIDO DOCUMENTO EL TRIBUNAL NO TIENE CLARO SI EL MISMO QUEDA SOMETIDO COMO LA POSICIÓN DEL DEMANDADO CON RELACIÓN A LA SOLICITUD DE SENTENCIA SUMARIA. DE SER ASÍ, PARTE DEMANDADA EN 5 DÍAS INFORME. SI LA CONTESTACIÓN FUERA EN LA NEGATIVA EN EL MISMO TÉRMINO DEBE SOMETER SU POSICIÓN SOBRE SENTENCIA SUMARIA.* [sic.].[60]

El **13 de marzo de 2025**, el Fideicomiso sometió el *Escrito en cumplimiento de orden – explicativo.*[61] En síntesis, volvió a argüir que no procedía considerar la moción de sentencia sumaria ya que la parte apelada-demandante no había cumplido en contestar las preguntas del interrogatorio. Por lo que, se debía paralizar la orden dada de contestar la solicitud de sentencia sumaria, hasta tanto y en cuanto se resolviera la controversia del descubrimiento de prueba

---

[57] Véase, Entrada Núm. 136 de SUMAC.
[58] Véase, Entrada Núm. 137 de SUMAC.
[59] Véase, Entrada Núm. 138 de SUMAC.
[60] Énfasis nuestro.
[61] Véase, Entrada Núm. 141 de SUMAC.

y así evitar que el TPI incurra en una violación de los derechos constitucionales de la parte apelante-demandada.

El **21 de abril de 2025**, la Asociación radicó *Tercera solicitud para que se dicte sentencia sumaria a favor de la parte demandante*.[62] En esencia, reiteró sus argumentos previos.

Tras varias incidencias procesales, el **10 de junio de 2025**,[63] el tribunal de instancia dictó la *Sentencia Sumaria* apelada. Allí, declaró *Con Lugar* la solicitud de sentencia sumaria radicada por la Asociación.[64] Para llegar a dicha determinación, el TPI hizo un análisis de los hechos traídos ante su consideración y determinó que los siguientes **hechos no estaban en controversia**:

> *La parte demandada, Fideicomiso Mis Enriques, es un ente con personalidad jurídica plena e independiente con capacidad para demandar y ser demandado; y es el titular con derecho de dominio sobre el inmueble sito en el número 73 de la Urbanización Las Vistas en Cabo Rojo, Puerto Rico. Folios digitales de la finca 36,984 de Cabo Rojo en el Sistema Karibe.*
>
> *La Urbanización Las Vistas en Cabo Rojo, Puerto Rico, es un desarrollo urbano con condiciones restrictivas que constituyen gravámenes sobre todos los inmuebles como predios sirvientes y teniendo la peculiaridad que a la vez son predios dominantes. Todo cuanto antes se expresa quedó reconocido expresamente por el Fideicomiso Mis Enriques al otorgarse la escritura sobre Segregación y Compraventa número 3, otorgada en Mayagüez, Puerto Rico, el 12 de marzo de 2019, ante el notario público Edgar I. Ramírez Camacho. Ese reconocimiento se da en los párrafos PRIMERO, SEGUNDO y TERCERO (b). Escritura de Segregación y Compraventa número 3, supra. Escritura sobre Servidumbres en Equidad número 7, otorgada en Mayagüez, Puerto Rico, el 19 de enero de 2007, ante el notario público Luis Roberto Santos.*
>
> *Con la adquisición del inmueble antes identificado, la parte demandada se obligó a satisfacer una cuota mensual de mantenimiento para las áreas comunes y el mecanismo del acceso controlado. Esa obligación la asumió al otorgar el contrato de compraventa del inmueble antes citado. Véase la escritura número 3 supra, a los párrafos TERCERO, SÉPTIMO, OCTAVO Y ONCEAVO.*
>
> *El Fideicomiso Mis Enriques adeuda un cargo de $500.00 contemplado en el Reglamento para nuevos adquirentes y que es una contribución al fondo de reserva. Reglamento General de la Asociación de Residentes Las Vistas, Inc., Capítulo VII: Administración de Fondos, Artículo 28 del fondo de reserva.*
>
> *La Asociación de Residentes Las Vistas, Inc., tiene capacidad jurídica para demandar y ser demandada.*
>
> *El Fideicomiso Mis Enriques tiene capacidad jurídica para demanda y ser demandado. El Fideicomiso Mis Enriques*

---

[62] Véase, Entrada Núm. 142 de SUMAC.
[63] Notificada el 12 de junio de 2025.
[64] Véase, Entrada Núm. 148 de SUMAC.

*es el titular con derecho de dominio sobre el inmueble sito en el número 73 de la Calle Altamar, de la Urbanización Las Vistas en Cabo Rojo, Puerto Rico.*

*El Fideicomiso Mis Enriques tiene la obligación de satisfacer los cánones de mantenimiento de la Urbanización Las Vistas para el inmueble cuya dirección se indicó previamente, que está sujeto a dichas cuotas de mantenimiento y del cual tiene el dominio.*

*Recapitulando; no está en controversia que la Urbanización Las Vistas, Inc. en Cabo Rojo es un desarrollo urbano con condiciones restrictivas que constituyen gravámenes sobre todos los inmuebles como predios sirvientes y teniendo la peculiaridad que a la vez son predios dominantes. No está en controversia que con la adquisición del inmueble sito en el número 73 de la Calle Altamar, de la Urbanización Las Vistas en Cabo Rojo, Puerto Rico, la parte demandada se obligó a satisfacer una cuota mensual de mantenimiento para las áreas comunes y el mecanismo del acceso controlado. No está en controversia que al 31 de marzo de 2022 el Fideicomiso Mis Enriques adeuda la suma de $6,724.98 por concepto de los cánones de mantenimiento, siendo las mensualidades a razón de $150.00, más los recargos por mora y las penalidades acumuladas hasta dicha fecha y adeudando todas las mensualidades acumuladas en adelante y hasta su total pago. No está en controversia que el Fideicomiso Mis Enriques viene obligado a satisfacer la cantidad de $500.00 contemplado en el Capítulo VII: Administración de Fondos, Artículo 28 del Reglamento de la Asociación de Residentes las Vistas, Inc. para los nuevos adquirentes y en calidad de fondo de reserva.*

*El 3 de mayo de 2023, se celebró una vista sobre el estado procesal del pleito. De la misma surge que "...La licenciada Fernández indica que se había presentado un cobro de dinero por la vía ordinaria; la parte demandante le envió un descubrimiento de prueba, el cual fue contestado, juramentado y enviado. En cierto que se admite no se ha hecho ningún pago, porque no procede el cobro de dinero...". Ante la admisión en corte abierta del demandado Fideicomiso Mis Enriques, no existe controversia sustancial en cuanto a que el Fideicomiso Mis Enriques nunca ha hecho pago alguno por concepto de las mensualidades de los cánones de mantenimiento del inmueble que le pertenece en la Urbanización Las Vistas.*

En vista de lo anterior, determinó que el Fideicomiso le adeudaba todos los cánones de mantenimiento desde el 1ro de marzo de 2019 hasta el 10 de junio de 2025, incluyendo los recargos más los intereses legales acumulados, junto a la aportación original de $500.00 al fondo de la cuenta de reserva de la Asociación, ello como consecuencia de la admisión del Fideicomiso a los efectos de que nunca pagó cantidad alguna en dichos conceptos. Además, le ordenó al Fideicomiso satisfacer los intereses legales, los cargos por mora y los honorarios de abogado de la parte apelada-demandante, conforme establecido en el Reglamento de la Asociación.

Insatisfecho, el **19 de junio de 2025**, el Fideicomiso radicó un *Escrito sobre nulidad de Sentencia*.[65] En síntesis, adujo que se quebrantó el debido proceso de ley porque se le privó de la oportunidad de ser oído y porque se dictó sentencia sumaria aun cuando existía una solicitud de reconsideración pendiente de adjudicar. Solicitó se anulara la determinación de la sentencia sumaria notificada el 12 de junio de 2025 y se continuara con el tracto procesal pendiente.

El **27 de junio de 2025**,[66] el tribunal de instancia emitió una *Orden* en la que declaró *No Ha Lugar* la solicitud de *Nulidad de Sentencia* presentada el 19 de junio de 2025 por el Fideicomiso y sostuvo la determinación contenida en la *Sentencia Sumaria* del 10 de junio de 2025.[67] De igual modo, el TPI mantuvo en todas sus partes la Sentencia dictada ante la moción de reconsideración y determinación de hechos y derechos adicionales.[68]

Inconforme, el **26 de julio de 2025**, la parte apelante-demandada incoó el recurso de apelación que nos ocupa y señaló la comisión de los siguientes dos (2) errores:

> **PRIMER ERROR:** *Erró el TPI al dictar Sentencia Final basada en una Sentencia Sumaria errónea en hechos y derecho, pese a la existencia de controversias materiales —como la cuantía reclamada— claramente planteadas en la propia Solicitud de Sentencia Sumaria. Al hacerlo, decidió sobre los méritos del caso sin cumplir con los requisitos legales para una adjudicación sumaria.*

> **SEGUNDO ERROR:** *Erró el TPI al emitir una Sentencia Final de forma prematura y en violación al DPL, al no resolver previamente la Moción de Reconsideración que planteaba asuntos vinculados a la oposición a la Solicitud de Sentencia Sumaria. Al proceder de esa manera, privó al apelante de su derecho a ser oído y de presentar sus argumentos sobre un récord completo.*

El **19 de agosto de 2025**, notificamos una *Resolución* en la cual concedimos a la parte apelada-demandante un plazo de treinta (30) días para presentar su alegato. En cumplimiento con lo

---

[65] Véase, Entrada Núm. 149 de SUMAC.
[66] Notificada el 30 de junio de 2025.
[67] Véase, Entrada Núm. 151 de SUMAC.
[68] Véase, Entrada Núm. 152 de SUMAC.

ordenado, el **11 de septiembre de 2025**, la Asociación radicó el *Alegato de la parte apelada.*

Así pues, el **12 de septiembre de 2025**, dimos por sometido el recurso para la consideración del Panel.

**-II-**

**-A-**

El mecanismo de sentencia sumaria procura, ante todo, aligerar la tramitación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo.[69] Al respecto, es la Regla 36 de Procedimiento Civil la que regula el proceso mediante el cual cualquiera de las partes en un pleito puede solicitar al tribunal que dicte sentencia sumaria a su favor.[70] Así, cuando cualquier parte reclamante solicite que el pleito sea resuelto por la vía sumaria, deberá demostrar en su solicitud, *"la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación".[71]*

De modo que el criterio rector al momento de considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales y pertinentes, según alegados por las partes en sus respectivas solicitudes y/u oposiciones, y que sólo reste aplicar el derecho.[72] Los jueces no están limitados por los hechos o documentos evidenciarlos que se aduzcan en la solicitud de sentencia sumaria. Deben considerar todos los documentos en autos, sean o no parte de la solicitud, de los cuales surjan *admisiones* hechas por las partes.[73] La fórmula, debe ser, por lo tanto, que la moción de sentencia sumaria adecuadamente

---

[69] *Rodríguez García v. UCA*, 200 DPR 929 (2018).
[70] Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V., R. 36.
[71] 32 LPRA Ap. V. R. 36.1 y 36.2.
[72] *Velázquez Ortiz v. Mun. de Humacao,* 197 DPR 656, 661 (2017).
[73] *Vera v. Dr. Bravo*, 161 DPR 308, 333 (2004).

presentada solo puede negarse si la parte que se opone a ella presenta una oposición basada en hechos que puedan mover a un juez a resolver a su favor.[74]

Si el juez se convence de que no existe una posibilidad razonable de que escuchar lo que lee no podrá conducirlo a una decisión a favor de esa parte, debe dictar sentencia sumaria.[75] Quiere decir que, en ausencia de una controversia de hechos materiales discernible, corresponderá a los tribunales aplicar el derecho y resolver conforme al mismo.[76]

En cambio, el TPI no deberá dictar sentencia sumaria cuando: **(1)** existen hechos materiales controvertidos; **(2)** hay alegaciones afirmativas en la demanda que no han sido refutadas; **(3)** surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; y **(4)** como cuestión de derecho no procede.[77]

Por otra parte, es menester señalar que al ejercer nuestra función revisora sobre decisiones en las que se aprueba o deniega una solicitud de sentencia sumaria, nos encontramos en la misma posición que los foros de primera instancia.[78] Siendo la revisión una de *novo*, debemos ceñirnos a los mismos criterios y reglas que nuestro ordenamiento les impone a estos, y debemos constatar que los escritos de las partes cumplan con los requisitos codificados en la Regla 36 de Procedimiento Civil, *supra*.[79] A tenor con lo expuesto, el Tribunal Supremo de Puerto Rico, ha pautado lo siguiente:

> *[E]l Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. […].*

---

[74] *Velázquez Ortiz v. Mun. de Humacao, supra.*
[75] *Id.*
[76] *Rodríguez García v. UCA, supra.*
[77] *Fernández Martínez v. RAD-MAN San Juan III-D, LLC*, 2021 TSPR 149, 208 DPR ___ (2021).
[78] *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020); *González Santiago v. Baxter Healthcare,* 202 DPR 281, 291 (2019).
[79] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015).

> *[Por el contrario], de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.*[80]

Desde luego, el alcance de nuestra función apelativa al intervenir en estos casos no comprenderá la consideración de prueba que no fue presentada ante el foro de primera instancia, ni la adjudicación de hechos materiales en controversia.[81]

**-B-**

La Regla 47 de Procedimiento Civil,[82] provee un mecanismo para permitir que los tribunales modifiquen o corrijan aquellos errores en los que hubiesen incurrido al dictar órdenes, resoluciones y sentencias.[83] En lo pertinente, dispone que:

> *La parte adversamente afectada por una **orden o resolución** del Tribunal de Primera Instancia podrá, dentro del término **de cumplimiento estricto de quince (15) días** desde la fecha de la notificación de la **orden o resolución**, presentar una moción de reconsideración de la orden o resolución.*

> *La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.*

> ***La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.***

> ***La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.***

> *Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.*

> *La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.*[84]

---

[80] *Id.*, págs. 118-119.
[81] *Id.*
[82] Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V., R. 47.
[83] *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 166 (2016).
[84] *Íd. Énfasis nuestro.*

Nótese, que la mera presentación oportuna de una solicitud de reconsideración que cumpla con **todos** los requisitos dispuestos en la Regla en discusión tiene el efecto de paralizar automáticamente los términos concedidos por ley para recurrir en alzada hasta tanto el TPI resuelva la solicitud.[85] Sin embargo, el **efecto interruptor no operará** si la moción de reconsideración no cumple con las especificidades dispuestas en la aludida Regla 47.[86]

**-III-**

En esencia, el Fideicomiso nos plantea que el TPI incidió al dictar sentencia sumaria, por existir controversias materiales y no resolverlas en la moción de reconsideración y determinación de hechos y derechos adicionales que le fuera presentada por esa parte. Como foro intermedio, estamos en la misma posición que el TPI para atender la moción de sentencia sumaria. Veamos.

**En primer lugar**, atenderemos el error relacionado a la moción de reconsideración presentada por el Fideicomiso.

Surge de los autos que el **5 de diciembre de 2024**, el Fideicomiso radicó un *Escrito en reconsideración y determinación de hechos y derechos adicionales*.[87] Allí, adujo que el tribunal de instancia erró al emitir determinaciones que prejuzgaban el presente caso; confundían las partes y controversias con el caso I4CI201800290; así como, quebrantó el derecho constitucional de la parte apelante-demandada a defenderse al prohibirle el descubrimiento de prueba y presentar testigos.

Sabido es, que en nuestro ordenamiento jurídico el nombre no hace la cosa, sino el contenido del escrito el que determina su naturaleza.[88] En este caso, si bien el Fideicomiso presentó el referido

---

[85] *Rivera Marcucci v. Suiza Dairy, supra*, pág. 167; *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7-8 (2014).

[86] *Rivera Marcucci v. Suiza Dairy, supra*, pág. 168. *Énfasis nuestro.*

[87] Véase, Entrada Núm. 130 de SUMAC.

[88] *Borschow Hosp. v. Jta. de Planificación*, 177 DPR 545, 567 (2009); *Meléndez Ortiz v. Valdejully*, 120 DPR 1, 24 (1987); *Comisión de Servicio Público v. Tribl. Superior*, 78 DPR 239, 246 (1955).

*Escrito en reconsideración y determinación de hechos y derechos adicionales*, concurrimos con la determinación TPI.[89] Al entrar en los méritos de esta, nos percatamos que no cumple con lo esbozado en la Regla 47 de Procedimiento Civil, *supra*. A simple vista, está plagada de especulaciones que no son suficiente para sustentar una moción de reconsideración y determinaciones de hechos y derecho adicionales. Es decir, era necesario que el Fideicomiso expusiera con suficiente particularidad y especificidad los hechos y el derecho que estimaba debía reconsiderarse, fundamentado en cuestiones sustanciales, relacionadas con las determinaciones de hechos o conclusiones de derecho.[90] En consecuencia, actuó correctamente el tribunal de instancia al sostener la *Sentencia Sumaria* apelada en todas sus partes, ante el escrito presentado por el Fideicomiso como una moción de reconsideración y determinación de hechos y derechos adicionales.

**En segundo lugar**, consideraremos el señalamiento relativo a la sentencia sumaria dictada por el TPI.

En su moción de sentencia sumaria, la Asociación fundamentó en derecho su postura y presentó evidencia en apoyo a sus alegaciones relacionadas al incumplimiento de pago de los cánones de mantenimiento por parte del Fideicomiso. En específico, la Asociación incluyó: (1) una exposición breve de las alegaciones de las partes; los asuntos en controversia; (2) la causa de acción respecto a la cual solicita sentencia sumaria; (3) una relación concisa, organizada y enumerada de todos los hechos sobre los cuales no existe controversia, con indicación de la prueba que lo sustenta; (4) las razones por las cuales se debía dictar sentencia sumaria; y, (5) el remedio a ser concedido. Por lo cual, concluimos

---

[89] Véase, Entrada Núm. 152 de SUMAC.
[90] 32 LPRA Ap. V., R. 47.

que cumplió cabalmente con los requisitos establecidos en la Regla 36.3 de Procedimiento Civil, *supra.*

En cambio, el Fideicomiso falló en presentar su oposición a la sentencia sumaria, aun cuando le fue provisto un término para ello. De hecho, surge del expediente ante nuestra consideración que el tribunal de instancia fue leniente con el Fideicomiso al concederle la prórroga solicitada para exponer su postura en cuanto a la moción de sentencia sumaria presentada por la Asociación y al concederle un plazo adicional para informar si el documento titulado *Escrito en reconsideración y determinación de hechos y derechos adicionales* era o no su posición con relación a la solicitud de sentencia sumaria de referencia.[91] No obstante, el Fideicomiso no radicó moción alguna para cumplir con lo ordenado por el tribunal de instancia, puesto que en el *Escrito en cumplimiento de orden – explicativo,*[92] insistió en la vertiente de continuar con el descubrimiento de prueba.

Según se desprende de los autos, la moción de sentencia sumaria fue presentada por la Asociación el **30 de octubre de 2024** y no es hasta el **10 de junio de 2025** que se dictó la *Sentencia Sumaria* apelada. Es decir, entendemos que el tiempo transcurrido desde que se presentó dicha moción de sentencia sumaria hasta que el TPI la resolvió, transcurrió un plazo aproximado de **siete (7) meses**, tiempo más que excesivo para que el Fideicomiso pudiese expresar su oposición con respecto a la misma. Todavía más, valga indicar que la dilación excesiva en los procedimientos fue causada por la desmesurada presentación de mociones repetitivas por parte del Fideicomiso.

En consecuencia, dado que en el caso de epígrafe: (1) el Fideicomiso no ha pagado los cánones de mantenimiento de la Urbanización de Las Vistas y, por ende, no existe controversia en

---

[91] Véase, Entrada Núm. 130 y 138 de SUMAC.
[92] Véase, Entrada Núm. 141 de SUMAC.

cuanto a ello; (2) el Fideicomiso no se opuso correctamente en derecho a la moción de sentencia sumaria presentada por la Asociación; y, (3) la Asociación satisfizo todos los requisitos contenidos en la citada Regla 36.3 de Procedimiento Civil, somos del criterio que el tribunal de instancia actuó correctamente al dictar sentencia sumaria. Así pues, acogemos por referencia las determinaciones de hechos en la Sentencia apelada.

A la luz de la totalidad de las circunstancias en el presente caso, resolvemos que no se cometieron los errores señalados y que la sentencia apelada es jurídicamente correcta.

**-IV-**

Por los fundamentos antes expuestos, se **confirma** la *Sentencia Sumaria* apelada.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones. La Juez Barresi Ramos concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones